Alice Sneed WEST, Relator,

v.

Honorable Peter S. SOLITO, District Judge, et al., Respondents.

No. B–6939.

Supreme Court of Texas.

March 8, 1978.

Kenneth H. Burns, Barrow, Bland & Rehmet, Vincent W. Rehmet, Houston, for relator.

Baker & Botts, R. B. Miller, Houston, for deponents.

A. J. Watkins, Jamail & Gano, Joseph D. Jamail and John Gano, Houston, for respondents.

McGEE, Justice.

This is an original mandamus proceeding. Relator, Alice Sneed West, seeks the writ to compel Honorable Peter S. Solito, Judge of the 164th District Court of Harris County, to vacate, amend, and revise his orders denying her motion to quash a subpoena duces tecum and her motions for protection. By these motions, Relator sought to preserve the attorney-client privilege invoked by her to prevent disclosure of certain matters within that privilege. The writ is conditionally granted.

The controversy here arises out of a suit filed in July, 1976, by Relator against the independent executors of her husband's estate and certain other attorneys, accountants, trustees, and employees of trusts created under the estate. Relator alleges a continuing conspiracy by these individuals, hereinafter referred to as Respondents, to defraud her of valuable mineral interests. She seeks to set aside and cancel deeds conveying certain of her mineral interests to some of the Respondents, recovery of damages against all of the Respondents for breach of fiduciary responsibilities in connection with the administration of the estate and various trusts created under the estate, and recovery of damages for other alleged fraudulent transactions. The Respondents answered by way of a general denial.

In particular, Relator objects to conveyances of various royalty interests in the Clear Lake-Friendswood area which were devised to her under her husband's will and similar royalty interests in the area which she had owned as her separate property. The royalty interests devised to the Relator were conveyed to her by distribution deeds on June 26, 1958, and October 1, 1958. On August 28, 1958, and November 19, 1958, she conveyed these interests by deeds of gift to her two daughters, who also served as executrices for the estate. On February 2, 1965, Relator conveyed her separate property in the Clear Lake-Friendswood area to Dominion Investment Corporation, whose president was also the accountant for both Relator and the estate, and to certain other individuals who were employees and trustees of the various entities owned and operated by the estate. Relator alleges that these conveyances were made at a time when she was incapacitated, incompetent, and unable to understand the nature and consequences of her acts as a result of a severe alcoholic condition.

Relator was represented by the law firm of Baker & Botts from 1966 through 1970. Mr. Gordon Gooch, Mr. Tom Berry and Mr. Frank Harmon all performed legal services for her on behalf of the firm during this period of time. None of the above attorneys is a party to the present litigation, nor were they representing her at the time the conveyances in question were executed. They were representing her, however, when she executed a document on December 31, 1968, in which she allegedly released Respondents from all liability regarding their

operation and administration of the estate prior to that date.

On March 28, 1977, attorneys for several of the Respondents filed notice of intention to take the oral deposition of Mr. Gordon Gooch. A subpoena duces tecum accompanied the notice and directed him to bring the following items to the deposition:

"Any and all records, files, memorandum or other instruments in writing, including bills for services rendered and paid by Alice Sneed West . . . for legal services rendered by the firm of BAKER & BOTTS."

Upon receipt of the notice, Relator filed a motion to quash the subpoena duces tecum and, in the alternative, a motion for protection, asserting her attorney-client privilege with respect to any information obtained by the firm of Baker & Botts or Mr. Gooch during the period they represented her. Relator urged that the subpoena duces tecum be quashed because it was excessively broad in nature and was an improper attempt to obtain material that was privileged under Rule 186a of the Texas Rules of Civil Procedure. In the alternative, Relator asked the trial court to conduct an *in-camera* inspection of the material subpoenaed by the Respondents to determine which material, if any, was not privileged and, therefore, subject to discovery.

After a hearing, Judge Solito entered an order which in pertinent part reads:

"It is therefore, ORDERED, ADJUDGED and DECREED by the Court that the oral deposition of witness Gordon Gooch . . . be taken by the defendants . . . and that such witness shall testify to any and all matters of which he has knowledge and that any objections based upon the attorney-client privilege, or otherwise, are not waived, but are preserved and may be urged at the time of trial and shall be determined by the Trial Court either on motion in limine or upon the tender of such testimony as evidence.

"It is FURTHER ORDERED, ADJUDGED and DECREED by the Court that the witness Gordon Gooch . . .

shall produce those records described in the subpoena duces tecum, that they shall remain in his custody and not subject to inspection by anyone, that should any party so desire he may have the records marked as an Exhibit and made a part of the deposition and in such event such records, without having been inspected or read by any party or any attorney, shall be delivered into the custody of the Court Reporter and shall be sealed by the Court Reporter and delivered into the custody of the Clerk of this Court, subject to the further orders of this Court."

Similar notices of intention to take oral depositions were then directed to Mr. Tom Berry and Mr. Frank Harmon. At this point, Relator filed another motion for protection requesting Judge Solito to order that the depositions of Gooch, Berry, and Harmon be taken before the court, or in the alternative, that the depositions be sealed upon completion and made unavailable for inspection. The motion was denied on July 11, with that order reciting that the Respondents were to be allowed to take the depositions of Berry and Harmon in accordance with the provisions of the trial court's order of June 27. Upon motion of Relator, the production of the subpoenaed documents and the taking of the depositions was stayed pending this court's action on her motion for leave to file a petition for writ of mandamus.

 Discovery proceedings have as their aim and purpose the administration of justice by allowing the parties to obtain the fullest knowledge of issues and facts prior to trial. If the matter sought to be discovered is privileged, however, it is not subject to discovery. *See generally Roy Mitchell Contracting Co. v. Mueller Co.,* 326 S.W.2d 522 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.); C. McCormick, Evidence § 96 (2d ed. 1972); 2 W. Jordan, Modern Texas Discovery §§ 10.02–10.03 (1974). The Texas Rules of Civil Procedure clearly reflect this policy of protecting privileged matter from discovery. Under Rule 201 the scope of discovery of a subpoena duces tecum is the same as that provided for depositions by

Rule 186a.[1] Rule 186a provides that "a deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." While the references to "privileged" matter in the discovery rules are general, it is clear that the intent is to encompass all privileges known to Texas law, one of the most common being that of the attorney-client privilege. *General Commentary to Rule 186a,* Tex.R.Civ.P. 186a; 2 W. Jordan, Modern Texas Discovery § 10.02 (1974).

■ It is recognized that a writ of mandamus may issue in a proper case to correct a clear abuse of discretion, particularly where the remedy by way of appeal is inadequate. *See Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956); *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959); *Maresca v. Marks,* 362 S.W.2d 299 (Tex.1962). At issue, then, is whether Judge Solito's order of June 27 requiring Relator's former attorneys to answer all deposition questions posed to them and to produce all documents relating to their legal representation of her would cause them to disclose or produce matters that are protected by the attorney-client privilege. If so, then it would be a clear abuse of discretion for correction of which the writ of mandamus may issue.

■ Respondents, in effect, argue that this court need not address itself to the above issue because the attorney-client privilege, in this instance, no longer exists to protect confidential matter arising out of that relationship from discovery. They claim that Relator has waived this privilege with respect to all communications between her and the law firm of Baker & Botts.[2] Although Respondents advance three arguments in support of their waiver theory, we do not find these arguments to be persuasive.

■ The first argument involves a previous suit for an accounting between the parties in which Gooch answered certain written questions propounded to him by the Respondents. We note, however, that Relator properly preserved her privilege in that proceeding by securing a motion for protection that precluded Gooch from answering questions that involved matters found to be within the privilege by the trial court.

The other two waiver arguments have as their basis the purported release of December 31, 1968. First, Respondents contend that by filing the present suit to set aside the conveyances executed in 1958 and 1965, Relator indirectly attacked the integrity of her former attorneys at Baker & Botts. This argument proceeds on the logic that the release executed while Baker & Botts served as her attorneys is impliedly placed in issue by Relator's pleadings, thereby also placing in issue the conduct and state of mind of both Relator and her attorneys at the time the release was executed. Secondly, they contend that by filing suit, Relator put information protected by the attorney-client privilege into issue and to allow the privilege to protect against disclosure would be manifestly unfair. The information sought concerns the testimony of Relator's former attorneys relative to the negotiation and execution of the release.

■ We do not pass on the merits of these arguments because the release that is central to both of these arguments was not placed in issue before the trial court, thus depriving that fact finder of the opportunity to determine from the facts and circumstances surrounding the release if there was an implied waiver of the privilege. There were no allegations in the pleadings on either side that directly, or indirectly, impugned the integrity of the former attorneys. Relator's first amended original petition did not join her former attorneys as parties or allege any misconduct regarding

---

1. All references to rules are to the Texas Rules of Civil Procedure.

2. The attorney-client privilege belongs to the client. Unless the client waives it, the attorney cannot be compelled to disclose matters that come within that privilege. *See Fisher v. Continental Illinois National Bank & Trust Co.,* 424 S.W.2d 664 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); C. McCormick, Evidence § 92 (2d ed. 1972).

their representation of her. Respondents answered these pleadings with only a general denial. The facts presented to this court do not reflect that the release was ever before the trial court. The first time the release was put into issue was before this court when it was attached as an exhibit to the brief of one of the Respondents. For this court to decide if there has been an implied waiver of the privilege would necessarily require us to consider disputed questions of fact surrounding the negotiation and execution of the release. Therefore, we do not reach the merits of the arguments based upon the release because an appellate court may not deal with disputed areas of fact in a mandamus proceeding. *Rogers v. Lynn,* 121 Tex. 467, 49 S.W.2d 709 (1932); *Dick v. Kazen,* 156 Tex. 122, 292 S.W.2d 913 (1956); *Stroud v. Beggerly,* 542 S.W.2d 229 (Tex.Civ.App.—Tyler 1976, no writ).[3]

Based upon the facts and arguments presented to us, the Respondents' allegations of a waiver of Relator's attorney-client privilege cannot be supported at this time. Accordingly, Relator was entitled to assert the privilege to prevent disclosure of matters that she considered to be within the privilege. By her motion to quash the subpoena duces tecum and the motions for protection, she sought to invoke the privilege with respect to her former attorneys, Gooch, Berry, and Harmon. We must now determine whether the trial court's order of June 27 would cause the former attorneys to disclose or produce confidential matters protected by that privilege.

■ It has been stated that the purpose of the attorney-client privilege is to promote the unrestrained communication and contact between an attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding. 2 W. Jordan, Modern Texas Discovery § 10.04 (1974); *see Ballard v. Ballard,* 296 S.W.2d 811 (Tex.Civ.App.—Galveston 1956, no writ); C. McCormick, Evidence § 89 (2d ed. 1972). This purpose is effectively thwarted by the trial court's order of June 27.

■ The order is too broad with respect to both the deposition testimony and the subpoenaed documents. First, it requires the attorneys to answer all of the deposition questions posed to them, regardless of any objections based on the attorney-client privilege, thereby causing disclosure of matters that might otherwise be protected by the privilege. A judicial determination of what matters, if any, are privileged in this case comes only after the matters have already been disclosed. A motion in limine or objection to the testimony at the time it is offered as evidence is totally inadequate to preserve the privilege, for once the matter has been disclosed, it cannot be retracted or otherwise protected. *See Maresca v. Marks, supra.*

■ Furthermore, any subpoenaed documents that might come within the privilege are also inadequately protected by the terms of the order. The order states that on motion of a party, any of the documents may be made an exhibit to the deposition, sealed without inspection, and then delivered to the clerk of the court, "subject to

---

3. We do not mean to imply that there can be no waiver of the attorney-client privilege when an attorney's integrity is attacked by his client. The two cases of *Smith v. Guerre,* 159 S.W. 417 (Tex.Civ.App.—Amarillo 1913, no writ) and *McClure v. Fall,* 42 S.W.2d 821 (Tex.Civ.App.—Waco 1931), aff'd, 67 S.W.2d 231 (Tex.1934), illustrate the well-established principle that when an attorney's professional conduct is challenged by the client, the privilege is waived so far as necessary to defend the attorney's character. But the present case is distinguishable from those two cases. They were not mandamus proceedings where the waiver issue was first raised in the appellate court. Furthermore, in both of those cases the transaction that formed the basis for the waiver was directly placed in issue by the pleadings of the parties, thereby giving the trier-of-fact the opportunity to rule on the question. In subsequent proceedings in this case, it is possible that the trial court after the release is put in issue might determine that Relator has waived her privilege with respect to her former attorneys. But that is a matter for the trial court and not for this court in an original mandamus proceeding.

the further orders of the court." This is unacceptable because it requires the attorneys to first produce the requested documents; many of those documents required to be produced might well be privileged. Therefore, we think that an attorney should not be required to produce documents that he considers to be within the attorney-client privilege until after a trial court has determined whether or not they are privileged. Moreover, the post-production method of protection by making the produced documents subject to the further orders of the court is insufficient to preserve the confidentiality of documents that might be privileged. There is nothing in the order which limits the court's power to release all or part of the produced documents at a later date without first making a determination of what documents are privileged.

Therefore, we hold that it was an abuse of discretion for the trial court to overrule Relator's motions and order her former attorneys to testify as to all matters of which they had knowledge and to produce all documents relating to their legal representation of Relator without the trial court first determining which of these matters, if any, were within the attorney-client privilege.

There are several viable alternatives available to protect matters within the attorney-client privilege from being disclosed upon the taking of the attorneys' depositions. The Relator requested one such alternative in her second motion for protection when she asked the trial court to conduct the depositions. Under the circumstances, however, we think that the provisions of Rule 215a provide an adequate remedy. This rule would allow the attorney-deponents to refuse to answer any questions which would violate the privilege. After completing the deposition as to all other matters, the examining party could apply to the trial court for an order to compel answers to the contested questions, at which time the trial judge could determine what matter sought to be discovered is within the privilege. An order could then be issued compelling answers to those questions covering matters not within the privilege. This procedure accomplishes several beneficial purposes. First, and most importantly, it affords greater protection for the attorney-client privilege. Secondly, it preserves the effectiveness of pretrial discovery by deposition. Finally, it requires the least amount of direct court supervision over the deposition proceedings.

As previously stated, privileged documents are not discoverable under Rule 201. The same degree of protection afforded testimony involving privileged matter in a deposition is to be extended to subpoenaed documents as well. Therefore, to properly preserve this privilege, Judge Solito should examine the documents sought to be discovered to determine which of them, if any, are privileged prior to the production of any such documents.

We anticipate that Judge Solito will vacate his orders of June 27 and July 11 ordering the attorneys to answer all questions and to produce all documents pertaining to their representation of Relator. Should he fail to do so, the Clerk of the Supreme Court will be instructed to issue the writ of mandamus.