**Leo LONGORIA, Relator,**

**v.**

**Dale ROBERTSON, Cameron County Democratic Executive Committee, Cameron County Democratic Primary Committee, Bob Slagle, State Democratic Executive Committee and Gabriel Martinez, Respondents.**

**No. 13–84–132–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 26, 1984.

Concurring Opinion April 5, 1984.

Richard D. Schell, Wiley, Hale & Fleuriet, Harlingen, for relator.

Harold D. Hammett, Simon, Anisman, Doby, Wilson & Liles, Fort Worth, Dale Robertson, Brownsville, Allan L. Patter, Corpus Christi, for respondents.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

OPINION

KENNEDY, Justice.

Our opinion dated April 5, 1984, is withdrawn, and the following is substituted therefor.

This is an original petition for writ of mandamus. Relator seeks to mandamus respondents to remove the name of Gabriel Martinez from the ballot as a candidate for Justice of the Peace for JP Precinct No. 6, Cameron County, Texas. Relator, Leo Longoria, is the incumbent Justice of the Peace and is seeking his party's nomination in the upcoming May 5, 1984 primary. This Court has jurisdiction over this matter as provided by TEX.REV.CIV.STAT.ANN. art. 1735a (Vernon Supp.1984).

Respondent, Gabriel Martinez, filed an application for a place on the ballot and utilized TEX.ELEC.CODE ANN. art. 13.-

08(d) (Vernon Supp.1984) which permits the filing of a nominating petition in lieu of payment of a filing fee. Martinez submitted a petition with one hundred four (104) names on it to the secretary of the Democratic Executive Committee of Cameron County. Before the petition was accepted, however, the secretary crossed out five of the names since Martinez was not able to verify certain signatures on the petition. This left a total of 99 names on the petition.

Relator, in his petition for writ of mandamus, has submitted an affidavit signed by E. Dale Robertson, Chairman of the Democratic Executive Committee of Cameron County, which verifies the method used by him to calculate the number of signatures required for a petition in lieu of filing fee for Justice of the Peace, Precinct 6 for the 1984 democratic primary. The chairman calculated the number of signatures required to be 88. In determining the number of signatures required, the chairman is guided by TEX.ELEC.CODE ANN. art. 13.-08(d) (Vernon Supp.1984) which provides the following formula:

> For district, county, precinct, or other political subdivisions, equal in number to at least two percent of the number of votes cast in the territory for that party's candidate for governor in the last preceding gubernatorial general election.

Chairman Robertson's affidavit indicates that he calculated the required number by taking the total votes cast for Governor Mark White on November 2, 1982 (on election day), within precinct 6, which number totaled 4,010. He divided 4,010 by the total number of votes cast which was 8,386. This calculation indicated that Governor White received 47.8% of the total general election votes. The chairman then took 47.8% and multiplied this by 821, which was the number of absentee votes cast in Precinct 6. This calculation provided the number 392.5, which he determined to be the number of absentee votes cast for Governor White. The chairman then added the absentee votes cast for Governor White to the total votes cast in the general election to come up with a total of 4,402.5. He then multiplied that number by .02 which calculation provided the number 88.0, which he determined to be the number of signatures needed on the petition.

Initially, we are confronted with the issue as to whether the Democratic Party Chairman properly calculated the number of signatures required on the petition. Respondent, Gabriel Martinez, has replied to the petition for writ of mandamus and argues that the calculation was improper. It is undisputed that the Cameron County Clerk's office did not keep records of who voted for which gubernatorial candidate in the absentee election and that the ballots have now been destroyed. All that can be determined is that there were 821 votes cast.

■ Since respondent has alleged that the proper number of absentee votes cast for Mark White is indeterminable, there arises a disputed fact issue as to the correct number of absentee votes which should be attributed to Governor Mark White. An appellate court may not deal with disputed areas of fact in a mandamus proceeding. *West v. Solito*, 563 S.W.2d 240 (Tex.1978). Relator has not met his burden of proof that the duty to act is clear and there are no disputed facts. *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex.1975).

■ Respondents Slagle and the State Democratic Executive Committee promptly filed a Motion to Dismiss for the reasons that the office involved, Justice of the Peace, Precinct Number 6, Cameron County, Texas, lies wholly within Cameron County, and thus, such respondents were and are precluded by law from either receiving the application or having anything to do with approving the petition's signatures. Such motion as to such respondents is granted, and they are dismissed from the case. Texas Election Code, Article 13.12(c); Article 13.08(b).

Petition for writ of mandamus is denied.

NYE, Chief Justice, concurring.

I concur in the result. Judge Leo Longoria, the incumbent Justice of the Peace,

seeks to remove the name of Gabriel Martinez from the Democratic primary election ballot to be held May 5, 1984. Gabriel Martinez, instead of paying the scheduled filing fee, submitted a petition with 104 names to the secretary of the Cameron County Democratic Executive Committee. The chairman of the Democratic Executive Committee, after crossing off some of the names on the petition, determined that there were sufficient names for Martinez' name to be placed on the Democratic primary ballot. This action was approved by the Cameron County Democratic Executive Committee.

Judge Longoria seeks to have Martinez' name removed from the ballot because there was an incorrect number of names on the petition. In his application, he sets forth various reasons why the requisite number of names is improper. Some of the reasons appear to be good as a matter of law. Other reasons and other names would require this Court to "unfind" the factual determination heretofore decided by the county Democratic Executive Committee. Since this Court cannot determine factual issues, there is no basis for setting aside the county chairman's ruling and the action of the county Democratic Executive Committee as a matter of law.

I agree the Petition for Writ of Mandamus should be denied.