NO. 07-00-0356-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 2, 2001



______________________________




PETROLEUM WHOLESALE, INC., APPELLANT



V.



SHABANA ENTERPRISES, INC. AND VARSHA HUSSAIN, APPELLEES




_________________________________



FROM THE 133RD DISTRICT COURT OF HARRIS COUNTY;



NO. 97-44520; HONORABLE PAT LYKOS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON UNOPPOSED MOTION TO ABATE APPEAL 


AND ALLOW TRIAL COURT TO FILE FINDINGS OF FACT



 Appellant Petroleum Wholesale, Inc. requests that we abate this appeal so that the
trial court can file findings of fact to be presented in a supplemental clerk's record. 
According to the certificate of conference contained in the motion, appellees Shabana
Enterprises, Inc. and Varsha Hussain do not oppose the motion. Appellant filed a request
for findings of fact that prompted appellees to file proposed findings of fact but appellant
did not discover that the proposed findings were not signed by the trial court until
appellant's counsel reviewed the clerk's record. Accordingly, appellant did not file a
notice of past due findings pursuant to Rule 297 of the Texas Rules of Civil Procedure. 
We grant the motion, abate the appeal, and remand the cause to the trial court for further
proceedings.

 Upon remand, the trial court shall cause notice of a hearing to be given and
thereafter conduct a hearing and determine whether it is appropriate to make findings of
fact. The trial court shall cause the hearing to be transcribed and shall make such findings
of fact, if any, as it deems appropriate, to be included in a supplemental clerk's record.
We express no opinion as to the propriety or effect of filing findings of fact where, as here,
a notice of past due findings was not given pursuant to Rule 297. Finally, the trial court
shall file the supplemental clerk's record and the supplemental reporter's record with the
Clerk of this Court by Friday, June 15, 2001. Appellant's brief shall be filed within 30 days
after the later of the filing of the supplemental clerk's record or supplemental reporter's
record, and appellees' brief shall be filed within 30 days after appellant's brief is filed.

 It is so ordered.

 Per Curiam

Do not publish.



 a subpoena duces tecum (5) to be
issued. The motion, deposition notice and subpoena were served on relator on July 3, a
Thursday. Killion signed the deposition notice as attorney for Ronnie (who also was a
party) and for Jacqueline's estate. 

 On July 8, relator filed a motion to quash and for protective order, which asserted
that the information sought by Killion's clients was protected by lawyer-client privilege
because relator had previously represented Ronnie, and that relator needed time to retain
counsel for himself because of the conflicts of interest raised by the subpoena and the
deposition notice. 

 Killion sent a letter dated July 10 to relator stating that Killion had represented
Ronnie for "a substantial period of time," and demanding documents concerning relator's
representation of Ronnie. The letter stated that Killion had Ronnie's "permission to extend
to you his consent to distribute" the documents to Killion. 

 Relator did not appear for the deposition or provide any documents on July 15.
Killion's motion to compel and for sanctions, and relator's motion to quash and for
protective order, were heard by the trial court on July 18. (6) At the hearing, Killion sought
to question relator about whether he had given documents sought by Killion's clients to the
Federal Bureau of Investigation after he had received the deposition notice. Relator
refused to answer any questions, asserting his Fifth Amendment right against self-incrimination. 

 The court granted the motion to compel. The record presented with relator's petition
did not contain a written order reflecting the court's rulings, and the precise terms of the
court's order were not clear from the court's statements from the bench, as reflected in the
reporter's record. The court's written order, apparently signed July 22, though, required
relator to produce the documents and tangible things requested in the subpoena duces
tecum and to appear for deposition at Killion's office at 9:00 a.m. on July 23, 2003. (7) The
court did not declare relator could not continue to exercise his Fifth Amendment right at
the deposition. The court also assessed $2,000 as attorneys fees and other reasonable
expenses related to the motion to compel "and/or as just sanctions" against relator for his
refusal to comply with the May 8 judgment. According to the reporter's record of the July
18 hearing, the court did not directly address the merits of relator's motion to quash and
for a protective order, finding that the motion was untimely filed.

 A writ of mandamus is an extraordinary remedy that will issue (1) only to correct a
clear abuse of discretion or the violation of a duty imposed by law, when (2) there is no
adequate remedy by law. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305
(Tex. 1994) (orig. proceeding). Mandamus will not issue when a clear and adequate
remedy at law exists, such as a normal appeal. See Walker v. Packer, 827 S.W.2d 833,
840 (Tex. 1992) (orig. proceeding). When an appellate remedy exists, mandamus relief
will be warranted only in the event the relator demonstrates truly extraordinary
circumstances. In re Masonite Corp., 997 S.W.2d 194, 198-99 (Tex. 1999) (orig.
proceeding). It is the relator's burden to show entitlement to the relief being requested. 
See generally Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding). Merely showing reversible error will not satisfy this requirement. In re
Masonite Corp., 997 S.W.2d at 198-99. Nor will merely showing that appeal will involve
more expense or delay than obtaining a writ of mandamus. Canadian Helicopters Ltd., 876
S.W.2d at 306. The second requirement for mandamus relief is met only when a party is
in danger of permanently losing substantial rights if the ruling of the trial court is allowed
to stand. Id. 

 We first address the attorneys fees sanction. Relator argues that the court's order
imposing the sanction was an abuse of discretion because there was no evidence to
support it. We do not reach the merits of relator's argument because he has an adequate
remedy by appeal. Mandamus is not an available remedy for monetary sanctions imposed
during post-judgment proceedings such as these because review is available by appeal
when the sanctions become part of a final judgment on which execution is authorized.
Arndt v. Farris, 633 S.W.2d 497, 500 n.5 (Tex. 1982); see Collier Services Corp. v. Salinas,
812 S.W.2d 372, 375 (Tex.App.-Corpus Christi 1991, orig. proceeding); see generally 5
Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice, Sec. 31:10 (West 1999).
Braden v. Downey, 811 S.W.2d 922 (Tex. 1991) (orig. proceeding), cited by relator,
involves a sanction imposed for pre-judgment discovery abuse; our conclusion here,
though, is consistent with the holding of Braden.

 We also must deny relator's petition with respect to the trial court's orders that he 
appear in Killion's office for deposition and produce documents. The most obvious reason
why mandamus relief must be denied is that the primary issue presented is moot. Relator
filed his petition four days after the July 18 hearing but less than 24 hours before he was
to be deposed. The record before us leads to the conclusion that the deposition has now
taken place and the writ sought by relator would therefore have no effect. 

 There are additional reasons why the petition must be denied. Relator's petition
does not directly ask that we order the trial court to consider the merits of his motion to
quash and for a protective order. Nonetheless, he contends that the court was wrong to
rule that the motion was filed untimely. (8) Although, on the face of the record before us, it
appears that relator's contention may be correct on this issue, (9) neither of the grounds
asserted in relator's motion would provide a basis for the mandamus relief relator seeks.
The motion first asserted that information sought by Killion's clients was protected by the
lawyer-client privilege. Tex. R. Evid. 503. A motion for protection is not the preferred
method of asserting a privilege under the discovery rules, but moving for protection does
not waive the later assertion of privilege. Tex. R. Civ. Proc. 192.6. We do not understand
the court's order to rule that the documents Killion's clients sought were not privileged, nor
to have preempted any party to the proceeding from obtaining the trial court's ruling on
claims of privilege. See Tex. R. Civ. Proc. 193.3 and 193.4. (10) The second basis for
relator's motion to quash and for protective order was his need for time to retain counsel.
Although he filed his mandamus petition pro se, relator was represented by counsel at the
July 18 hearing, and voiced no objection to proceeding with the hearing.

 Relator also argues that the trial court's order deprived him of his right against self
incrimination under the Fifth Amendment. We cannot agree. The record does not reflect
that the court ordered relator to testify in violation of his Fifth Amendment rights. In fact,
the court did not order relator to testify at all. Concerning the deposition, at the hearing the
court stated only, "Also, I don't know how you're going to handle the deposition if he's
going to claim the Fifth Amendment and all, but he still has to appear." The court's written
July 22 order requires only that relator "present himself for oral deposition" at the stated
time and place.

 Relator's petition asks that we issue a writ of mandamus to Killion and his client
Ronnie Lee Morgan as well as to Judge Kupper. This court's writ power is established,
and limited, by Section 22.221 of the Government Code. (Vernon 1998 & Supp. 2003).
Except as otherwise necessary to enforce our jurisdiction, that section authorizes the court
to issue writs of mandamus to judges, not parties or their counsel. We have no authority
to issue a writ in this instance to Killion or his client.

 Insofar as relator's petition seeks a writ of mandamus addressed to James Killion
or Ronnie Lee Morgan, it is dismissed for want of jurisdiction. The petition for a writ of
mandamus addressed to Judge Kupper is denied. 


 Per Curiam
1. Sitting by assignment in the 99th District Court of Lubbock County.
2. Relator's petition addressed an oral order of the trial court issued following a
hearing conducted July 18. On August 4, 2003, though, relator filed with this court an
uncertified photocopy of an unsigned but conformed copy of an order also containing the
rulings of which relator complains, dated July 22, 2003. Although relator's belated
supplementation of his petition does not meet the requirements of the rules of appellate
procedure, see Tex. R. App. Proc. 52.3(j)(1)(A) (Vernon Supp. 2002), we have considered
the written order. Our disposition of relator's petition would be the same, with or without
the trial court's July 22 written order.


 Relator's petition for writ of mandamus also requested temporary relief. We denied
his request for temporary relief on July 22, 2003. 
3. Relator has also filed a "motion for leave to file a petition for writ of mandamus." 
Under the Rules of Appellate Procedure in effect since 1997, an original proceeding
seeking a writ of mandamus is initiated by the filing of a petition. Tex. R. App. Proc. 52.1. 
No motion for leave to file is required and we need not address that document.
4. To distinguish Ronnie Lee Morgan from his wife Jacqueline Spenser Morgan, we
will refer to them by their first names.
5. The copies of the subpoena in the record before us, though, contain an apparent
error, directing relator's appearance on "Tuesday July 5, 2003."
6. The reporter's record of the July 18 hearing reflects only that Killion's motion to
compel and for sanctions was called for hearing, but we accept relator's statement in his
petition for mandamus that Judge Kupper heard both matters. 
7. Although Killion's motion to compel and for sanctions was couched in terms of a
motion to compel discovery and cited Rule 215a(b) of the Rules of Civil Procedure, the
substance of the motion complained of relator's failure to comply with the terms of the May
8 judgment. Further, the motion to compel was filed on July 2, before relator even received
the deposition notice, raising the question whether the motion can properly be treated as
complaining of relator's failure to appear at the deposition on July 15. Relator did not raise
such an issue at the July 18 hearing, nor does he make such an argument in this court. For
purposes of our consideration of relator's petition, we assume without deciding that the
trial court's July 18 hearing was a proper exercise of its power to enforce its May 8
judgment. See Tex. R. Civ. Proc. 308; Tex. Civ. Prac. & Rem. Code § 21.001(a).
8. It may be that the trial court implicitly denied relator's motion by his ruling on the
motion to compel. See, e.g., Restaurant Teams Intern., Inc. v. MG Securities Corp., 95
S.W.3d 336, 338 (Tex.App.--Dallas 2002, no pet.). Our disposition of relator's petition
would be no different, though, whether the trial court denied relator's motion or found it
untimely. 
9. Under Rule of Civil Procedure 621a, the rules applicable to pre-trial discovery also
apply to discovery conducted post-judgment. Rule of Civil Procedure 199.4 allows a party
or witness to object to the time or place of an oral deposition by a motion to quash "if the
motion is filed by the third business day after service of the notice[.]" The record reflects
that relator was served on July 3. The following day was July 4, a national holiday. See
Tex. Govt. Code Ann. § 662.003(a)(5) (Vernon 1994). The 5th and 6th were Saturday and
Sunday, making Monday the 7th the first business day after service. Relator's motion was
filed on the 8th, the second business day after service. 
10. We also do not suggest that relator's claims of privilege are necessarily valid. That
question is not before us, but we note that relator relies on West v. Solito, 563 S.W.2d 240
(Tex. 1978) (orig. proceeding), to support the proposition that a "deposition should
proceed in a manner that would preserve relator's right of confidentiality." West does not
support relator's premise that he necessarily has a right of confidentiality in the information
sought. In West, the relator was the client seeking to assert her privilege against
disclosure of information by a third party. 563 S.W.2d at 243. It is well established that
the lawyer-client privilege belongs to the client, not the lawyer. See Tex. R. Evid. 503(c);
Avary v. Bank of America, 72 S.W.3d 779, 801 (Tex.App.--Dallas 2002, no pet.); Sanford
v. State, 21 S.W.3d 337, 342 (Tex.App.--El Paso 2000, no pet.).