NO.
12-05-00310-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: TENET HEALTHCARE, LTD.,

D/B/A NACOGDOCHES
MEDICAL          §          ORIGINAL PROCEEDING

CENTER AND LIFEMARK
HOSPITALS,

INC., RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this original proceeding, Tenet
Healthcare, Ltd., d/b/a Nacogdoches Medical Center and Lifemark Hospitals, Inc.
(Tenet) complain that the Honorable Clay Gossett, Judge of the 4th Judicial
District Court, Rusk County, Texas abused his discretion by ordering the
production of privileged information.  We
conditionally grant the requested relief.

 

Background

            The
underlying action is a medical malpractice action brought by Al Boren, acting
individually, on behalf of the Estate of Lucy Boren, and as next friend of
Allie Boren, and Shea Sadler (collectively Boren) against Tenet and other
health care providers not parties to this proceeding.  Boren sent requests for production to Tenet
seeking, in part, operative reports and discharge summaries for certain
nonparty patients who underwent laproscopic hernia repair or laproscopic
incisional hernia repair following January 1, 2000.  The request stated that the documents should
be “de-identified,” meaning that patient identifying information should be
removed to prevent disclosure of any patient identifiable data consistent with
HIPAA[1]
requirements.  Tenet objected to the
requests asserting physician-patient privilege, HIPAA privilege, and the
nonparty patients’ individual right to privacy. 
Boren filed a motion to compel production. Respondent overruled Tenet’s
objections, granted Boren’s motion, and on September 7, 2005 signed an order
compelling production.  This original
proceeding followed.  We requested a
response from  Boren, but none was filed.

 

Availability
of Mandamus

            Mandamus issues only to correct a
clear abuse of discretion or the violation of a duty imposed by law when there
is no adequate remedy by appeal.   Walker
v. Packer, 827 S.W.2d 833, 839-42 (Tex. 1992).  A trial court clearly abuses its discretion
if “it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law.” Id. at 839.  Generally, privileged matters are not
discoverable.  West v. Solito,
563 S.W.2d 240, 243 (Tex 1978).  If a
trial court errs in ordering that privileged material must be disclosed, there
is no adequate remedy at law.  Walker,
827 S.W.2d at 843.  Remedy by appeal in
that case is inadequate because, once revealed, the documents cannot be
protected.  Id.  Because Respondent’s sole contention in this
proceeding is that the requested documents are privileged, we need only address
whether Respondent abused his discretion in ordering disclosure.

 

Abuse of
Discretion

            Rule 509 of
the Texas Rules of Evidence prohibits the disclosure of (1) confidential
communications between a physician and a patient relating to any professional
services rendered by a physician to the patient and (2) records of the
identity, diagnosis, evaluation, or treatment of a patient by a physician that
are created or maintained by a physician. 
Tex. R. Evid. 509(c).  A similar provision is found in the Texas
Occupations Code.  Tex. Occ. Code Ann. § 159.002 (Vernon
2004).  The records Boren seeks are the
type of records protected by Rule 509 and Section 159.002.

            The
redaction of identifying information does not address the concerns regarding
portions of nonparty medical records relating to diagnosis, evaluation, or
treatment.  In re Columbia Valley
Regional Medical Center, 41 S.W.3d 797, 800 (Tex. App.–Corpus Christi
2001, orig. proceeding). Therefore, redaction of identifying information from
nonparty medical records does not defeat the medical records privilege.  Id.  Consequently, the records Boren seeks are
privileged in their entirety.  Id.
at 800-01.  Therefore, we hold that
Respondent abused his discretion by granting Boren’s motion to compel
production of these documents. 
Accordingly, we conditionally grant the writ of mandamus.

            We are
confident that within ten days from the date of this opinion and corresponding
order, Respondent will (1) vacate his September 7, 2005 order insofar as it
relates to Tenet’s objections to Boren’s requests for production 2, 3, and 43
and (2) enter an order denying Boren’s motion to compel production of the
nonparty medical records requested in requests for production 2, 3, and
43.  The writ of mandamus will issue only
if he does not.

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

Opinion delivered March 31,
2006.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] 
Health Insurance Portability and Accountability Act of 1996.