Opinion issued June 10, 2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00521-CV

———————————

IN RE KENNETH HIGBY, M.D., Relator



 



 



Original Proceeding on Petition for Writ of Mandamus

 



 

O P I N I O N

          This
is a mandamus proceeding arising from a pretrial discovery dispute.*  The
underlying suit involves a defamation claim asserted by the plaintiff and real
party in interest, Dr. Bruce Halbridge, against defendant and relator Dr. Kenneth
Higby.  Dr. Halbridge’s claim is based
upon statements allegedly made by Dr. Higby in an ethics complaint
submitted to the grievance committee of the American College of Obstetricians
and Gynecologists (ACOG).

Dr. Higby was deposed concerning
his communications with the ACOG grievance committee, and he declined to answer
certain questions, asserting a medical peer review communications privilege.  See
Tex. Occ. Code Ann. § 160.007(e)
(Vernon 2004).  Dr. Halbridge moved to
compel Dr. Higby’s responses, and the trial court granted the motion to compel.

          Generally,
the scope of discovery is within the trial court’s discretion.  In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); In re BP Prods. N. Am. Inc., 263 S.W.3d
106, 111 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).  Mandamus relief is available only to correct a
“clear abuse of discretion” when there is no adequate remedy by appeal.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  The heavy burden of establishing a clear
abuse of discretion is on the party resisting discovery.  In re
CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (citing Canadian Helicopters Ltd. v. Wittig, 876
S.W.2d 304, 305 (Tex. 1994) (orig. proceeding)).  A clear abuse of discretion occurs when a
trial court “reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.”  Walker, 827 S.W.2d at 839 (citing Johnson v. Fourth Court of Appeals, 700
S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)).  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court’s decision
unless the decision is shown to be arbitrary and unreasonable.  Walker,
827 S.W.2d at 840.  Mandamus is proper
when a trial court improperly denies a claim of medical peer review
privilege.  See, e.g., Mem’l Hosp.—The
Woodlands v. McCown, 927 S.W.2d 1, 12 (Tex. 1996) (orig. proceeding).

          As
the party seeking to avoid discovery, Dr. Higby bore the burden to assert and
prove that the medical peer review communications privilege applies.  In re
E.I. du Pont de Nemours & Co., 136 S.W.3d 218, 223 (Tex. 2004) (orig.
proceeding); In re BP Prods., 263
S.W.3d at 112.  In order to make a prima
facie demonstration of privilege at the hearing on Dr. Halbridge’s motion to
compel, Dr. Higby was required to “present any evidence necessary to support
the . . . privilege either by testimony at the hearing or by affidavits served
on opposing parties at least seven days before the hearing.”  Tex.
R. Civ. P. 199.6.  

The source of the privilege asserted
by Dr. Higby is Occupations Code section 160.007(e):

Unless disclosure is
required or authorized by law, a record or determination of or a communication to a medical peer review
committee is not subject to subpoena or discovery and is not admissible as
evidence in any civil judicial or administrative proceeding without waiver of
the privilege of confidentiality executed in writing by the committee.  The evidentiary privileges created by this
subtitle may be invoked by a person or organization in a civil judicial or
administrative proceeding unless the person or organization secures a waiver of
the privilege executed in writing by the chair, vice chair, or secretary of the
affected medical peer review committee.

Tex. Occ. Code
§ 160.007(e) (emphasis supplied).  To
enforce his claim of privilege under this statute, Dr. Higby had to prove
that the ACOG grievance committee was a “medical peer review committee.”  Id.  To prove that, he had to prove that ACOG was
a “health care entity,” and that it “operates under written bylaws approved by the policy-making body or
the governing board of the health care entity and is authorized to evaluate the
quality of medical and health care services or the competence of physicians.”  Id. § 151.002(a)(8) (Vernon Supp.
2009) (defining “medical peer review committee” for purposes of Medical
Practice Act, Tex. Occ. Code Ann. §§
151.001–165.160 (Vernon 2004 & Supp. 2009)).  To prove that ACOG was a “health care
entity,” he had to prove that ACOG or its grievance committee followed “a
formal peer review process to further quality medical care or health
care.”  Id. § 151.002(a)(5)(C) (Vernon Supp. 2009) (defining “health
care entity” for purposes of Medical Practice Act).

          Dr.
Higby bore the burden of proving the application of the privilege in the trial
court, and in this mandamus proceeding he bears the burden of demonstrating a
clear abuse of discretion by the trial court. 
Nevertheless, the mandamus record before us contains no proof of any of the
predicate facts that would establish whether a privilege applies.  Dr. Higby’s response to the motion to compel
was not verified.  No testimony was
presented at the hearing on the motion to compel.  See Tex. R. Civ. P. 199.6.  Dr. Higby did submit a one-page affidavit,
which stated, in its entirety:

My name is Kenneth Higby,
M.D.  I am an obstetrician/gynecologist
practicing in San Antonio, Texas.  I have
been licensed to practice medicine in Texas since 1991.  This affidavit is based on my personal
knowledge and is true and correct.

All of the statements made
by me to the ACOG Grievance Committee, either in writing or orally, were based
on my good faith belief in the truth of those statements.  My statements were substantiated by the documents
produced and prepared in the Lange case.

As a practicing obstetrician
and gynecologist in Texas, I have an interest in upholding the standards of
medical care in my profession.  

As a fellow of the American
College of Obstetricians and Gynecologists, I have a duty to report
questionable behavior by another physician.  I am
bound by the ACOG Code of Ethics, which states “all physicians are required
to respond to evidence of questionable conduct or unethical behavior by other
physicians through appropriate procedures established by the relevant
organization.”

My statements were made only
to the members of the Grievance Committee who have an interest in regulating
the fellows of the ACOG.

(Emphasis in original.)  This affidavit does not address any of the
facts necessary to establish whether the ACOG grievance committee was a
“medical peer review committee,” as explained above.  Also attached to the response to the motion
to compel was a copy of ACOG’s Code of Professional Ethics, but no affidavit
was provided to prove the substance of the Code, and in any case the Code did
not prove that the ACOG grievance committee was a “medical peer review
committee.”

The only other documents referenced
by Dr. Higby’s mandamus petition in support of his contention that the ACOG grievance
committee was a “medical peer review committee” are the exhibits to his motion
for summary judgment, which was orally withdrawn at the hearing on Dr.
Halbridge’s motion to compel.  Even if we
were to assume that in granting the motion to compel the trial court considered
the exhibits to a withdrawn motion for summary judgment, which included
additional information about ACOG’s mission and its grievance committee (but no
copy of any written bylaws), the matters reflected in these documents were not
proved by an affidavit or testimony of any person with knowledge.  See
Tex. R. Civ. P. 199.6.

By
contrast, in Memorial Hospital-The
Woodlands v. McCown, 927 S.W.2d 1 (Tex. 1996), the Supreme Court relied
upon a mandamus record which included affidavits of medical staff coordinators
with personal knowledge who provided evidence of the structures of hospital
credentialing committees at issue, including the bylaws under which such
committees had been formed.  Id. at 11.  In addition to establishing the facts
necessary to demonstrate eligibility for a communications privilege, the
affidavits also established predicate facts to demonstrate the specific
application of the privilege to the documents at issue.  Id.
at 12.  No such evidentiary record has
been provided to us in support of this petition.

An appellate court may not deal
with disputed areas of fact in an original mandamus proceeding.  West v.
Solito, 563 S.W.2d 240, 245 (Tex. 1978). 
Faced with a record devoid of the necessary proof to establish whether a
privilege applies, we cannot conclude that the trial court clearly abused its
discretion by granting the motion to compel. 
We express no opinion on whether the ACOG grievance committee served as
a “medical peer review committee” for the purposes of Occupations Code
section 160.007(e).  See, e.g., VanDevender v. Woods, 222 S.W.3d 430, 433 (Tex. 2007) (noting “the
cardinal principle of judicial restraint—if it is not necessary to decide more,
it is necessary not to decide more” (quoting PDK Labs., Inc. v. U.S. Drug Enforcement Admin., 362 F.3d 786, 799
(D.C. Cir. 2004) (Roberts, J., concurring))).

We deny the petition for writ of
mandamus, and we vacate this Court’s order of June 16, 2009, which stayed the
trial court’s order granting Dr. Halbridge’s
motion to compel.

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Justice Keyes, concurring.











*
              The
underlying case is Bruce L. Halbridge,
M.D. v. Kenneth Higby, M.D., No. 08-DCV-166064, in the 268th District Court
of Fort Bend County, Texas, Hon. Brady G. Elliott, presiding.