**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 30, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00699-CV

### IN RE FLOATEC, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-54420**

## MEMORANDUM OPINION

Relator FloaTEC, LLC filed a petition for writ of mandamus in this court, asking that we direct the Honorable Al Bennett, presiding judge of the 61st District Court of Harris County, to compel discovery, including an attorney's deposition. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In response, the real parties-in-interest, Christopher Magnuson and attorney David O'Brian, assert that the discovery FloaTEC seeks is barred by the attorney-client privilege.

Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *Walker v.*

*Packer*, 827 S.W.2d 833, 840-44 (Tex.1992) (orig. proceeding). An appellate court may not deal with disputed areas of fact in a mandamus proceeding. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.*

In response to FloaTEC's requests for production, Magnuson withheld certain documents and claimed they were protected by the attorney-client privilege. In its motion to compel, FloaTEC argued that that there was no attorney-client relationship between Magnuson and O'Brian, and therefore no privilege applied. FloaTEC also filed a supplement to its motion to compel asserting that Magnuson had waived any alleged privilege. FloaTEC also served a notice of deposition with subpoena duces tecum on O'Brian. Both O'Brian and Magnuson moved to quash the deposition and sought protective orders.

After a hearing, the trial court signed orders on July 31, 2013, quashing O'Brian's deposition, granting protection, and denying FloaTEC's motion to compel discovery of communications between O'Brian and Magnuson.[1] It is from these orders that FloaTEC seeks relief.

Generally, privileged matters are not discoverable. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978). The party seeking to limit discovery by asserting a privilege has the burden of proof. *In re E.I. DuPont de Nemours & Co.*, 136

---

[1] We note that at the June 28, 2013 hearing, FloaTEC did not request that the court permit the deposition to proceed with O'Brian asserting the privilege as to specific questions, which then could be submitted to the court for a ruling after the deposition. *See West v. Solito,* 563 S.W.2d 240, 245 (Tex. 1978) (setting out suggested procedures for depositions of attorneys). Because our record does not demonstrate that the respondent refused to consider this procedure, we decline to find an abuse of discretion on this basis. *See In re Brown*, 277 S.W.3d 474, 483 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (denying relief where relator failed to give the trial court an opportunity to correct alleged deficiencies in its written order).

S.W.3d 218, 223 (Tex. 2004). To meet its burden, the party seeking to assert a privilege must make a prima facie showing of the applicability of the privilege and produce evidence to support the privilege. *In re USA Waste Mgmt. Res., L.L.C.,* 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). The prima facie standard requires only the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *DuPont*, 136 S.W.3d at 223 (quoting *Tex. Tech Univ. Health Science Ctr. v. Apodaca*, 876 S.W.2d 402, 407 (Tex. App.—El Paso 1994, writ denied)). The real parties provided evidence to meet this standard.

Based on this record, we cannot conclude that the trial court abused its discretion in its July 31, 2013 orders. *See In re Venus Ford of Cudahy, Inc*., No. 14-11-00904-CV, 2011 WL 5553789, *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2011, orig. proceeding) (mem. op.) (citing *Boring & Tunneling Co. of Am., Inc. v. Salazar*, 782 S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding)) (if conflicting evidence is presented on whether the attorney-client privilege applies, the trial court's decision must be deemed conclusive on mandamus review); *see also In re ExxonMobil Corp*., 97 S.W.3d 353, 363 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (finding no abuse of discretion where the trial court resolved factual disputes and relator did not establish that the trial court could reasonably have reached only a decision in its favor).

We therefore deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Brown, Christopher, and Busby.