**Petition for Writ of Mandamus Denied and Opinion filed December 19, 2019.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

**NO. 14-19-00992-CV**

---

**IN RE GEORGE POWELL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**351st District Court**
**Harris County, Texas**
**Trial Court Cause No.**

---

## MEMORANDUM OPINION

On Monday, December 16, 2019, relator George Powell filed a petition for writ of mandamus in this Court. *See* Tex. Elec. Code §§ 273.061–.063; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel Lillie Schechter, Chair of the Harris County Democratic Party; Jennifer Halvorsen, Secretary of the Harris County Democratic Party; Giordaun Baity, Elections Director for the Harris County Democratic Party; and the Harris County Democratic Party (collectively "respondents") to accept his application, certify him

as a candidate for the 351st District Court, and include his name as a candidate for the 351st District Court on the March 2020 Democratic Primary Election ballot with notice to the Texas Secretary of State, State Chair of the Texas Democratic Party, and the Harris County Clerk.[1]

Respondents filed a response on December 17, 2019. On December 18, 2019, relator filed a reply. In the appendix is a temporary restraining order ("TRO") in a separate proceeding in the 164th District Court setting a hearing on relator's application for temporary injunction on January 7, 2020, to determine whether the TRO should be made temporary injunction, pending a full trial on the merits. By agreement of the parties, that order will not expire until after the hearing on January 7, 2020.

Relator's application for a place on the general primary election ballot was rejected for two reasons:

- The application failed to include relator's residential address; and

- relator tendered a filing fee of $1,500 rather than the requisite $2,500.

In their response, respondents relate that the first reason for rejecting relator's application was rescinded by letter dated December 14, 2019. Accordingly, we do not address it but turn to the second reason.

The filing fee for a "district or criminal district judge of a court in a judicial district wholly contained in a county with a population of more than 1.5 million" is

---

[1] Election Code section 172.022(a) requires an "application for a place on the general primary election ballot must be filed with . . . the county chair or the secretary, if any, of the county executive committee, for an office filled by voters of a single county." Tex. Elec. Code Ann. §172.022(a) (Supp.). Because we deny the petition for a writ of mandamus, we need not decide whether anyone other than the county chair or secretary of the county executive committee is a party against whom relief has been properly sought in this original proceeding. *See* Tex. R. App. P. 3.1(h)(2) (defining "respondent").

$2,500. Tex. Elec. Code § 172.024(a)(10). Relator asserts that because he loaned another candidate $2,500 to pay her filing fee, he tendered at least the full amount. Although the loan is evidence that relator *could have* timely paid the filing fee, the undisputed fact is that he did not. Relator's filing fee was underpaid by $1,000.

In his reply, relator states that he tendered the additional $1,000 to the Harris County Democratic Party on December 17, 2019, along with a curative application. Relator argues that he has the right to cure the defect because he was misinformed by Marc Malacoff that the correct filing fee was $1,500. Relator also contends that respondents Lillie Schecter and Jennifer Halvorsen were not present and had they been, the error would not have occurred.

In a separate proceeding in the 164th District Court, that court has signed temporary restraining order, which, among other things, compels respondents to provide relator discovery in the form of the depositions of Lillie Schecter and Marc Malacoff.[2] It is well-established Texas law that we may not deal with disputed areas of fact in an original mandamus proceeding. *In re Angelini*, 186 S.W.3d 558 (Tex. 2006) (orig. proceeding); *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding); *Donald v. Carr*, 407 S.W.2d 288, 292 (Tex. App.—Dallas 1966, no writ) (holding that predecessor statute to Election Code section 273.061 "does not change this court from an appellate court to a trial court"). Before we may issue a writ of mandamus, relator must have a clear legal

---

[2] The district court may determine facts in an original proceeding for a writ of mandamus initiated in that court. *See Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex. 1991); *see also* Tex. Const. art. V, § 8 (jurisdiction of district court); Tex. Gov't Code Ann. § 24.007 (Supp.) (same).

3

right to performance of the act he seeks to compel and the duty of the officer sought to be compelled must be one clearly fixed and required by the law. *In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, no pet.). Relator has not met his burden of proof that no disputed facts exist and thus the duty to act is clear. *Longoria v. Robertson*, 669 S.W.2d 870, 871 (Tex. App.—Corpus Christi 1984, no writ) (citing *Jessen Assos., Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex. 1975)). Accordingly, the petition for writ of mandamus is denied.[3]

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.

---

[3] The motion for leave to file a reply by the interested party, Natalia Cornelio, is denied as moot.