# Supreme Court of Texas

No. 23-1040

In re Magdoline Elhindi,
*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

In this invasion-of-privacy case, the trial court ordered Magdoline Elhindi to produce a video in discovery. She asserts that complying with the order could constitute a crime and seeks leave to send the video to law enforcement to review and clear the video of criminality before it is produced to opposing counsel. We conditionally grant relief and direct the trial court to modify its order to allow Elhindi to provide the video to the Federal Bureau of Investigation for a child sexual abuse material (CSAM) determination before requiring her to produce it in discovery.

## I

Magdoline Elhindi sued Hamilton Rucker for statutory and common law invasion of privacy. Elhindi alleges that Rucker filmed her while she engaged in sexual activity, and then distributed the video to another person without Elhindi's knowledge or consent. The trial court

entered an agreed mutual temporary injunction prohibiting the parties from disclosing intimate material of one another and from destroying evidence.

During discovery, Rucker sought videos in Elhindi's possession that depicted him. Elhindi objected to the production of one such video, on the ground that it contained material "unlawful in nature" and was therefore "unlawful" to produce. In response to Rucker's motion to compel, Elhindi alleged that Rucker had provided the video to her and told her that it depicted him engaged in sex with a minor.[1] Elhindi, however, stated she knows neither the identity nor the age of the individual depicted in the video with Rucker. She thought she had deleted the video upon receipt, but upon rediscovering it, she contacted the FBI.

At the hearing on the motion, Rucker's counsel represented to the trial court that the woman depicted in the video was not a minor and that the FBI would not conduct further investigation. The trial court then ordered Elhindi to produce the video subject to the existing injunction prohibiting outside distribution of it.

Shortly afterward, however, the FBI requested the video from Elhindi. The FBI cautioned Elhindi against further distribution or

---

[1] Rucker argues that Elhindi untimely asserted her objections in the affidavit she filed and thereby waived them. Affidavits supporting objections to discovery must be "served at least seven days before the hearing or *at such other reasonable time as the court permits.*" TEX. R. CIV. P. 193.4(a) (emphasis added). Although Elhindi's affidavit was late, it is evident that the trial court considered its merit. The trial court superseded its first order compelling Elhindi to produce the video with a second order permitting her to disclose the video to the FBI upon production to opposing counsel. It is from this order that we direct relief.

2

sharing of the video until the FBI investigated, as CSAM is illegal to possess and distribute. Elhindi moved for leave to depart from the trial court's injunction against distribution of discovery materials and provide the video to the FBI for its investigation.

Rucker responded by filing a declaration from his wife, in which she attested to a meeting during which Elhindi declared to her that Elhindi possessed a video of Mrs. Rucker—not an unknown minor—having sex with Rucker.[2] Elhindi filed a responsive declaration, attesting that Mrs. Rucker is not the person depicted in the video at issue. Without making a finding as to whether the video is CSAM, the trial court ordered Elhindi to produce it to Rucker and granted her leave to provide a copy to the FBI after Rucker confirmed receipt.

Elhindi sought mandamus relief from the court of appeals, which denied her petition. This Court initially denied Elhindi's petition but granted rehearing.

## II

Discovery "should be limited by the court" if "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." TEX. R. CIV. P. 192.4. A trial court must determine whether discoverable material is protected *before* ordering production because "once the

---

[2] The declaration contains the necessary jurat identifying the affiant and stating that it is true and correct "under penalty of perjury." *See* TEX. CIV. PRAC. & REM. CODE § 132.001(c).

3

matter has been disclosed, it cannot be retracted or otherwise protected." *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978); *see id.* at 245-46 (holding the trial court abused its discretion by ordering production before considering application of the attorney-client privilege). Mandamus relief is available when a trial court compels production beyond permissible bounds. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009). Given that the trial court ordered Elhindi to produce the video before either determining itself that the video is not CSAM or permitting law enforcement to make such a determination, we hold that the order compelling production of it was error.

Under these facts, compelling discovery before a CSAM determination risks further harm to the alleged minor. *See United States v. Hamilton*, 78 M.J. 335, 339 (C.A.A.F. 2019) (noting that the victim impact statement "highlighted the ongoing trauma and revictimization that [the child] suffers every time someone else sees the pictures or videos depicting her image" (internal punctuation omitted)). The Code of Criminal Procedure has established safeguards to protect the interests of minors in criminal CSAM proceedings. TEX. CODE CRIM. PROC. art. 39.15(c). While alleged CSAM must be made "reasonably available" to a defendant, the defendant's attorney, and testifying experts, they may review it only "at a facility under the control of the state." *Id.* art. 39.15(d). Federal courts follow a similar procedure. *See United States v. Kimbrough*, 69 F.3d 723, 731 (5th Cir. 1995) ("The Government's offer to make the [alleged CSAM] available for inspection but not to allow them to be copied was reasonable."). The trial court erred in ordering production of alleged CSAM in a civil case without

imposing similar safeguards. *See In re CI Host Inc.*, 92 S.W.3d 514, 517 (Tex. 2002) ("[W]e are mindful that resolution of this discovery dispute may affect more than the immediate parties to this litigation . . . . It therefore falls upon the trial court to give serious consideration to these interests."). If the parties and the trial court determine that this piece of evidence is critical to the resolution of the case, we recognize that trial may be delayed while the FBI undertakes its review. The risks to the alleged minor, however, require proceeding with caution.

Elhindi asserts that producing the video could constitute transmission of CSAM, a state and federal crime.[3] Even assuming, however, that criminal prosecution resulting from compliance with a court order is doubtful, a delay for law enforcement to make a CSAM determination presents little burden to the discovery process for claims admittedly not involving the individual depicted in the video.[4]

---

[3] In Texas, a person who "knowingly or intentionally" transmits "visual material that visually depicts a child younger than 18 years of age . . . engaging in sexual conduct," knowing that the material depicts such conduct, commits a first- or second-degree felony. TEX. PENAL CODE § 43.26(a)(1), (e), (g). Under federal law, a person who "knowingly receives or distributes . . . any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . shall be fined under this title and imprisoned not less than 5 years." 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

[4] Rucker urges that Elhindi could not be criminally liable for producing the video because she denies knowing whether it contains CSAM. Elhindi responds that "knowledge" under the federal statute includes willful ignorance, and Elhindi maintains under oath that Rucker told her the video depicts a minor. *See Tilton v. Playboy Ent. Grp.*, 554 F.3d 1371, 1378 (11th Cir. 2009) ("We have long recognized that the knowledge element of a . . . statute can be proved by demonstrating either actual knowledge or

Lastly, Rucker argues the trial court implicitly resolved disputed facts and the credibility of the affiants in his favor and mandamus relief is inappropriate when it rests on resolution of factual disputes. *See Hooks v. Fourth Ct. of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991). But the trial court made no factual determination as to whether the video was CSAM. It instead deferred to the FBI to investigate the allegation only after Elhindi produced the video to Rucker. We cannot accede to a finding that the trial court did not make. The trial court erred in ordering production without first determining whether this sensitive material required special treatment. *See West*, 563 S.W.2d at 246.

\* \* \*

The trial court's refusal to delay discovery for further inspection elevated the immediate production of a peripherally relevant video over an undue risk to the alleged minor. The "burden" of the trial court's order requiring immediate production "outweighs its likely benefit." *See* TEX. R. CIV. P. 192.4(b). Accordingly, and without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief and direct the trial court to modify its order to allow Elhindi to provide the video to the FBI and receive a CSAM determination before compelling its production in discovery.

**OPINION DELIVERED:** December 31, 2024

---

deliberate ignorance." (quoting *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006))). Regardless, any benefit derived from the failure to secure a CSAM determination in these circumstances before producing the video is outweighed by the risk to the putative minor and the video's limited, if any, relevance to the claims at hand.