**SMITH, WRIGHT & WEED, P.C., Relator,**

v.

**The Honorable Kathleen STONE, Judge, 55th Judicial District, Respondent.**

No. C14–91–00507–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1991.

Richard A. Sheehy, Matthew C. Guilfoyle, Lauren Beck, Houston, for relator.

C. Vernon Lawson, Webster, Kenneth G. Engerrand, John R. Walker, Houston, for respondent.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is a discovery mandamus proceeding. Relator seeks issuance of a writ of mandamus compelling the respondent, Judge Kathleen Stone, Judge of the 55th Judicial District of Harris County, to vacate her order that quashed the taking of the deposition of attorney Doug Cherry. We conditionally grant the writ of mandamus.

The real parties in interest, plaintiffs below, include Sailing Ships International, Inc. (Sailing Ships), Clifford Hughes (Hughes) and Travelers Indemnity Company (Travelers), who bring suit against relator alleging legal malpractice. This malpractice action is related to a prior suit between Hughes and Sailing Ships, in which the former was injured on the latter's vessel. Travelers, the insurer of Sailing Ships, hired the law firm of Phillips, King, Smith & Wright to defend that suit. Hughes was represented by Doug Cherry. In 1987 Travelers withdrew their defense and Phillips, King, Smith & Wright withdrew as attorneys for Sailing Ships. It is undisputed that direct communication between Cherry and Sailing Ships followed, and in February 1988, Hughes took a default judgment against Sailing Ships in the amount of $1,052,000. Subsequently, Sailing Ships assigned part of its malpractice action against the law firm to Hughes. After a demand was made on the default judgment, Travelers paid $750,000.00 to Hughes and Sailing Ships. Then Hughes, Sailing Ships, and Travelers brought suit against Smith, Wright & Weed (formally, Phillips, King, Smith & Wright) for damages allegedly sustained as a result of their representation of Sailing Ships and Travelers in the lawsuit.

In answer to such lawsuit, Relator (Smith, Wright & Weed) alleges that Cherry, acting as attorney for Hughes, conspired with plaintiffs Sailing Ships and Hughes, to prejudice their rights by devising a scheme to derive income. Relator alleged, as specific acts committed in furtherance of the scheme, that:

1. Doug Cherry conspired with Plaintiff Sailing Ships International, Inc., to enter into an assignment and covenant not to execute along with an agreed judgment;

2. Doug Cherry, Plaintiff Sailing Ships International, Inc., and Plaintiff Clifford Hughes conspired to enter into a patently excessive judgment based upon facts represented to be true which were in fact false;

3. Doug Cherry conspired with Plaintiff Sailing Ships International, Inc., and Plaintiff Clifford Hughes to demand money they knew was not due;

4. Doug Cherry on behalf of Plaintiff Clifford Hughes, and Plaintiff Sailing Ships International, Inc., filed a groundless action based upon orchestrated facts intending to mislead Defendant Smith, Wright & Weed, P.C., into paying money that is not due.

Relator alleged that the default judgment entered against Sailing Ships was thus the result of fraud and collusion. To pursue this theory, relator filed notice to take Cherry's deposition. The real parties in interest filed a motion for a protective order, and the trial court granted the motion and quashed the notice for Cherry's deposition.

Judge Stone, in attempting to explain to the attorneys the reason she was quashing the deposition of Cherry, stated:

It really doesn't have to do with just the attorney-client privilege because, obviously you have never asked him a question. It doesn't have to do with work product, because you have never asked him a question in a deposition.

It has to do with whether or not, under the fact scenarios in this case that—that this is a good affirmative defense, and whether or not it is relevant at all in this case. I don't honestly know. This is a very complicated case....

But I wanted you-all to know that part of the reason had to do with whether or not there is any relevancy in anything that Mr. Cherry would say.

Relator contends that the trial court abused its discretion in granting the motion because Cherry is a person with knowledge of material facts; therefore, pursuant to rule 166b, the firm (relator) should be allowed to examine him under oath. TEX. R.CIV.P. 166b.

Respondent on the other hand, argues that the deposition of Cherry should not be allowed because it is concerned with his role as an attorney in a different case that involves a separate matter and therefore is not relevant to the present case. Furthermore, respondent contends relator is attempting to make Cherry a fact witness in the present case, which would prevent him from representing the real parties in interest because of the disciplinary rules of professional conduct. SUPREME COURT OF TEXAS, STATE BAR RULES art. x, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.08 (1990). We disagree.

■ The Texas rules allow discovery of any matter relevant to the subject matter in a suit that relates to the claim or defense of a party seeking discovery or of any other party as long as it appears reasonably calculated to lead to the discovery of admissible evidence. TEX.R.CIV.P. 166b(2)(a). The rules expressly allow a party to obtain discovery of any person having knowledge of relevant facts, which means a person having knowledge of any discoverable matter. Discovery is not limited to information that will be admissible at trial if the information is reasonably calculated to lead to the discovery of admis-

sible evidence. *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985); *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984). The ultimate purpose of discovery is to seek the truth so that law suits are decided by what the true facts reveal and not what facts are concealed. *West v. Solito*, 563 S.W.2d 240 (Tex.1978).

■ The real parties in interest, on behalf of respondent, assert in brief and argument Judge Stone's observation that whatever answers Cherry gives are not relevant in the underlying malpractice lawsuit. Such assertion rings hollow because the basis of the lawsuit by the real parties in interest concerns the "breaches of Defendants' duty to perform their legal services with reasonable and ordinary care ... and were a proximate cause of the entry of the judgment against Sailing Ships in the amount of $1,052,000.00 and a proximate cause of the damages sought by the Plaintiffs, Sailing Ships, Hughes and Travelers, as set forth below."

■ Writ of mandamus is proper when the trial court has clearly abused its discretion in denying discovery of properly discoverable information. *Garcia v. Peeples*, 734 S.W.2d 343 (Tex.1987). In the present case, relator alleges a conspiracy between Sailing Ships, Hughes, and the latter's attorney Cherry in obtaining the default judgment. If such a conspiracy did exist, that would definitely have a major impact in the current case. Whether Cherry's testimony is admissible or will lead to discoverable evidence cannot be determined until his deposition is taken. The fact that Cherry is representing the plaintiffs in the underlying case will not prevent the taking of his deposition. *Borden v. Valdez*, 773 S.W.2d 718 (Tex.App.—Corpus Christi 1989, orig. proceeding); *Hilliard v. Heard*, 666 S.W.2d 584 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding). We find the trial court committed a clear abuse of discretion by quashing the taking of Cherry's deposition upon the assumption that his answers would not be relevant and, accordingly, conditionally grant relator's petition for writ of mandamus. We are confident Judge Stone will set aside her order quash-

ing the deposition of Doug Cherry. Should she refuse to do so, the writ will issue.