**In re MASON & COMPANY PROPERTY MANAGEMENT, Relator.**

No. 13–05–00402–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 30, 2005.

Linda C. Breck, Thomas F. Nye, Brin & Brin, Corpus Christi, Michael Quintana, Brin & Brin, Brownsville, for relator.

C. Frank Wood, Sanchez, Whittington, Zabarte & Wood, Horacio L. Barrera, Martinez & Barrera, Brownsville, Lance Alan Kirby, Rudy Salinas, Jr., Jones, Galligan, Key & Lozano, for real party interest.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

Relator, Mason & Company Property Management ("Mason"), seeks a writ of mandamus compelling respondent, the Honorable Benjamin Euresti, Jr., Presiding Judge of the 107th District Court of Cameron County, Texas, to vacate his order denying Mason the opportunity to depose attorneys C. Frank Wood and Julie Crockett Graham. The real parties in interest have filed a response. *See* TEX. R.APP. P. 52.4. Without hearing oral argument, we conditionally grant the writ of mandamus as specified herein. *See* TEX. R.APP. P. 52.8.

### A. BACKGROUND

Dr. Sandra Garcia entered a written commercial lease agreement for a building owned by WIPF Family Limited Partnership ("WIPF"). On the lease, Mason is identified as the landlord and is expressly designated as an intermediary between landlord and tenant rather than as agent for either landlord or tenant. The lease was prepared and signed by Adriana Dwiggins, a Mason employee. The lease ran from January 20, 2003, to December 31, 2003. While most of the lease is a standard printed form, the lease contains specific typed-in provisions. The lease contains the following typed option to purchase the property at issue:

> Tenant has the option to purchase the property (1100 W. Tyler, Harlingen, Cameron [County], Texas.) on or before the lease term. Owner will allow $1000.00 of each month's rent towards purchase price of $675,000.00. If the Property [does] not appraise the purchase price will [be] adjusted by seller accordingly.

Prior to the termination of the lease, Garcia told WIPF that she wanted to exercise her option to purchase the property. On December 14, 2003, Garcia had the property appraised at $250,000 and offered that amount as the purchase price. Prior to

the scheduled termination date of the lease, the parties agreed to extend the lease. The parties did not consummate the sale of the property. On December 31, 2003, C. Frank Wood, counsel for Garcia, sent Julie Crockett Graham, counsel for WIPF, the following letter:

As per our telephone conference of yesterday, this correspondence is being forwarded to you in order to confirm the agreement of the above named parties to extend the above referenced commercial lease for a period of three (3) months under the same terms as therein provided....

On February 27, 2004, Garcia obtained another appraisal of the property for $325,000. She again told WIPF that she wanted to purchase the property at the appraised value. WIPF refused to sell.

Garcia brought suit against WIPF[1] for breach of contract and fraud, and brought suit against Mason for negligently drafting the lease, committing negligence per se, and the unauthorized practice of law. WIPF filed a cross-claim against Mason for negligence, negligence per se, breach of contract, and attorney's fees. JNW Property Holdings, Inc. also cross-claimed against Mason for negligence and negligence per se. Mason's answer includes, among others, the affirmative defenses of estoppel and ratification as against Garcia and its co-defendants.

During discovery, Garcia denied that there was a written lease extension. She testified that the term of the lease was extended by oral agreement in order for her to remain on the property in the hopes that the parties would come to an agreement on the sale of the property. Garcia said her attorney, C. Frank Wood, and Rudy Salinas, attorney for Nila Wipf,

would have reached the agreement regarding the oral extension of the lease.

Nila Wipf testified that an extension was made to allow Garcia to stay on the property, but she did not know whether the extension to the lease was written. She deferred most questions about the extension and the contract to the attorneys and Mason. She did not know who negotiated the contract for the extension.

Mason sought to depose Graham and Wood. On April 13, 2005, respondent ruled that he would allow Wood to testify regarding attorney's fees, but otherwise quashed the depositions. This original proceeding ensued.

Mason contends that the testimony of these witnesses is crucial to its affirmative defenses to the claim that it negligently drafted a commercial lease agreement. Mason argues that Garcia and WIPF adopted and ratified the terms of the original lease in that extension, as formally approved by their attorneys, effectively ratifying the allegedly defective clause on the option to purchase and estopping Garcia and WIPF from claiming that the lease was improperly drafted. Mason contends that it wants to discover the communications that occurred between the two attorneys themselves and not between the attorneys and clients.

### B. STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and there is no adequate remedy on appeal. *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex.1992); *In re Kellogg Brown & Root*, 7 S.W.3d 655, 657 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). An appellate remedy

---

1. In Plaintiff's Fourth Amended Petition, Garcia brought suit against Mason & Company Property Management, Nila Wipf, WIPF Family Limited Partnership, and JNW Property Holdings, Inc.

may be adequate even though it involves more delay or cost than mandamus. *Walker*, 827 S.W.2d at 842. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments; when the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 136 (Tex.2004) (op. on reh'g).

■■■ The scope of discovery is largely within the trial court's discretion. *Dillard Dept. Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995). However, mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *See, e.g., Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). A party does not have an adequate remedy by appeal when (1) an appellate court would not be able to cure the trial court's discovery error, such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered, (2) a party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the ability to develop the merits of its case, or (3) a trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Walker*, 827 S.W.2d at 843.

## C. ANALYSIS

The Texas Rules of Civil Procedure allow discovery of any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of a party seeking discovery, or the claim or defense of any other party, so long as it appears reasonably calculated to lead to the discovery of admissible evidence. TEX.R. CIV. P. 192.3(a); *see Monsanto Co. v. May*, 889 S.W.2d 274, 276 (Tex.1994). The real parties in interest argue that Graham and Wood should not be deposed because their testimony would relate to matters protected by the attorney-client privilege. The real parties in interest further argue that the attorney's testimony is unnecessary and would be cumulative given available discovery from the parties.

■■■ The "rules recognize that our system of justice relies on a client's privilege to speak frankly and candidly with his or her attorney." *Duncan v. Bd. of Disciplinary Appeals*, 898 S.W.2d 759, 762 (Tex. 1995). The attorney-client privilege protects information from disclosure if it was a confidential communication between a client and its attorney "made for the purpose of facilitating the rendition of legal services to the client." TEX.R. EVID. 503(b)(1); *see Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex.1996); *In re ExxonMobil Corp.*, 97 S.W.3d 353, 357 (Tex. App.-Houston [14th Dist.] 2003, orig. proceeding). The privilege attaches to the complete communication between attorney and client, including both legal advice and factual information. *Huie*, 922 S.W.2d at 923; *ExxonMobil Corp.*, 97 S.W.3d at 357. The privilege extends to all matters concerning litigation or business transactions, regardless of whether the matters are pertinent to the matter for which the attorney was employed. *Boales v. Brighton Build-*

*ers, Inc.,* 29 S.W.3d 159, 168 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

█ The party resisting discovery bears the burden of proving any applicable privilege. *Huie,* 922 S.W.2d at 926. To make a prima facie showing of the applicability of a privilege, a party must plead the particular privilege and produce evidence to support the privilege through affidavits or testimony. *In re Valero Energy Corp.,* 973 S.W.2d 453, 457 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding).

█ We conclude that respondent abused his discretion in refusing to allow the depositions of Graham and Wood. As an initial matter, the record before this Court does not indicate that the real parties in interest carried their burden to prove the privilege by producing evidence to support the privilege. As a more fundamental matter, however, a deposition may not be quashed in its entirety on grounds that some of the matters to be explored may be privileged. In short, an attorney may be deposed, even if he or she represents a party to the litigation in issue:

> The attorney-client privilege was never intended to foreclose any opportunity to depose an attorney, but rather only precludes those questions which may somehow invade upon the attorney-client confidences. An attorney may not avoid a deposition in its entirety merely because some matters may be privileged, but must object when those inquiries are raised during the deposition. Other matters may exist which are not privileged and which an attorney may be called upon to answer.

*Borden Inc. v. Valdez,* 773 S.W.2d 718, 720 (Tex.App.-Corpus Christi 1989, orig. proceeding); *see Smith, Wright & Weed, P.C. v. Stone,* 818 S.W.2d 926, 928 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding) (conditionally granting mandamus where trial court abused discretion in quashing attorney's deposition); *Hilliard v. Heard,* 666 S.W.2d 584, 585 (Tex.App.-Houston [1st Dist.] 1984, orig. proceeding) (same). The mere possibility that a deponent will assert a privilege against answering a specific deposition question does not justify the quashing of a deposition notice.

While there is no blanket immunity that exempts lawyers from being deposed, we recognize that such a practice has the potential to disrupt the adversarial system and to increase the time and costs of litigation. Moreover, allowing the deposition of a party's attorney offers the possibility that such discovery could be used strategically as an opportunity for harassment. Accordingly, the tactic of seeking discovery from opposing counsel should be disfavored, and we take a stringent view toward allowing depositions of opposing counsel.

In the instant case, however, both plaintiff and co-defendants have brought suit against Mason alleging negligence, negligence per se, breach of contract, and the unauthorized practice of law. Each of these claims is premised on Mason's drafting of the option to purchase contained in the lease. Attorneys for plaintiff and co-defendants extended the lease by agreement "under the same terms as therein provided." Mason argues that the plaintiff and co-defendants have adopted or ratified the option to purchase and should be estopped from pursuing such claims.

According to the record, Garcia testified by deposition that there was not a written lease extension and any oral extension was made by her attorney, C. Frank Wood. She had no first hand information regarding the extension of the lease. Nila Wipf testified that she did not know whether Graham, her attorney, had extended the lease in question for three additional months under the same terms provided in

the lease. Wipf testified that she did not know what the December 31, 2003 letter from Wood to Graham meant.

We believe that Mason has shown that it is seeking discovery that is relevant to the claims and defenses at issue in this lawsuit and that discovery is necessary to the presentation of its case. Mason has explored other methods to obtain the necessary discovery, that is, by deposing Garcia and Wipf, and it possesses no other means to obtain the necessary information. The discovery is not cumulative and does not appear available from any other source.

Moreover, we note that, to the extent that Mason seeks to discover communications between Graham and Wood, such communications would not be covered by the attorney-client privilege. Accordingly, Mason may depose Graham and Wood for facts relevant to Mason's affirmative defenses of ratification and estoppel.

In handling these depositions, the parties may follow the procedure set out by the Texas Supreme Court in *West v. Solito*, 563 S.W.2d 240 (Tex.1978). *See id.* at 246. At the depositions, the deponents may assert privilege and refuse to answer any questions violating the attorney-client privilege. *Id.* After completing the deposition as to all other matters, the examining party may apply to the trial court for an order to compel answers to the contested questions, at which time the trial court can determine whether the matter sought to be discovered is covered by privilege. *Id.* An order could then be issued compelling answers to those questions covering matters not within the privilege. *Id.*[2]

---

**2.** We express no opinion herein regarding the validity of any privilege that might be asserted at the depositions. We are prohibited from rendering advisory opinions and have no jurisdiction to do so. TEX. CONST. art. II, § 1; *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). We trust the parties and the trial

### D. CONCLUSION

Because respondent's abuse of discretion prevents Mason from developing relevant evidence pertaining to its defenses, Mason has no adequate remedy at law. *See Walker*, 827 S.W.2d at 843. Accordingly, we conditionally grant Mason's petition for writ of mandamus and order respondent to vacate his order of April 13, 2005, and to conduct further proceedings consistent with this opinion. We are confident that respondent will comply with our ruling. The writ will issue only if respondent fails to vacate his order denying the depositions.

court will recognize the well-known parameters of the privilege as well as its exceptions. *See, e.g.*, TEX.R. EVID. 503(d) (exceptions to attorney-client privilege); *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex.1993) (orig.proceeding) (waiver of attorney-client privilege by offensive use).