NUMBER 13-05-00402-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


IN RE MASON & COMPANY PROPERTY
MANAGEMENT,               Relator.

                                                                                  
                                     

                  On Relator=s Petition for Writ of Mandamus.

                                                                                                                       


                               O P I N I O N

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                                      Opinion
by Justice Hinojosa

 

Relator, Mason & Company Property
Management (AMason@), seeks a writ of mandamus compelling
respondent, the Honorable Benjamin Euresti, Jr., Presiding Judge of the 107th
District Court of Cameron County, Texas, to vacate his order denying Mason the
opportunity to depose attorneys C. Frank Wood and Julie Crockett Graham.  The real parties in interest have filed a
response.  See Tex. R. App. P. 52.4.  Without hearing oral argument, we
conditionally grant the writ of mandamus as specified herein.  See Tex.
R. App. P. 52.8.








                                                             A.  Background

Dr. Sandra Garcia entered a written
commercial lease agreement for a building owned by WIPF Family Limited
Partnership (AWIPF@).  On
the lease, Mason is identified as the landlord and is expressly designated as
an intermediary between landlord and tenant rather than as agent for either
landlord or tenant.  The lease was
prepared and signed by Adriana Dwiggins, a Mason employee.  The lease ran from January 20, 2003, to
December 31, 2003.  While most of the
lease is a standard printed form, the lease contains specific typed-in
provisions.  The lease contains the
following typed option to purchase the property at issue:

Tenant has the option to purchase the
property (1100 W. Tyler, Harlingen, Cameron [County], Texas.) on or before the
lease term.  Owner will allow $1000.00 of
each month=s rent towards purchase price of
$675,000.00.  If the Property [does] not
appraise the purchase price will [be] adjusted by seller accordingly.

 

Prior to the termination of the lease,
Garcia told WIPF that she wanted to exercise her option to purchase the
property.  On December 14, 2003, Garcia
had the property appraised at $250,000 and offered that amount as the purchase
price.  Prior to the scheduled
termination date of the lease, the parties agreed to extend the lease.  The parties did not consummate the sale of
the property.  On December 31, 2003, C.
Frank Wood, counsel for Garcia, sent Julie Crockett Graham, counsel for WIPF,
the following letter:

As per our telephone conference of
yesterday, this correspondence is being forwarded to you in order to confirm
the agreement of the above named parties to extend the above referenced
commercial lease for a period of three (3) months under the same terms as
therein provided. . . .

 








On February 27, 2004, Garcia obtained
another appraisal of the property for $325,000. 
She again told WIPF that she wanted to purchase the property at the
appraised value.  WIPF refused to sell.

Garcia brought suit against WIPF[1]
for breach of contract and fraud, and brought suit against Mason for
negligently drafting the lease, committing negligence per se, and the
unauthorized practice of law.  WIPF filed
a cross-claim against Mason for negligence, negligence per se, breach of
contract, and attorney=s fees. 
JNW Property Holdings, Inc. also cross-claimed against Mason for
negligence and negligence per se.  Mason=s answer includes, among others, the
affirmative defenses of estoppel and ratification as against Garcia and its
co-defendants.

During discovery, Garcia denied that there
was a written lease extension.  She
testified that the term of the lease was extended by oral agreement in order
for her to remain on the property in the hopes that the parties would come to
an agreement on the sale of the property. 
Garcia said her attorney, C. Frank Wood, and Rudy Salinas, attorney for
Nila Wipf, would have reached the agreement regarding the oral extension of the
lease.

Nila Wipf testified that an extension was
made to allow Garcia to stay on the property, but she did not know whether the
extension to the lease was written.  She
deferred most questions about the extension and the contract to the attorneys
and Mason.  She did not know who
negotiated the contract for the extension.

Mason sought to depose Graham and Wood.  On April 13, 2005, respondent ruled that he
would allow Wood to testify regarding attorney=s fees, but otherwise quashed the
depositions.  This original proceeding
ensued.








Mason contends that the testimony of these
witnesses is crucial to its affirmative defenses to the claim that it
negligently drafted a commercial lease agreement.  Mason argues that Garcia and WIPF adopted and
ratified the terms of the original lease in that extension, as formally
approved by their attorneys, effectively ratifying the allegedly defective
clause on the option to purchase and estopping Garcia and WIPF from claiming
that the lease was improperly drafted. 
Mason contends that it wants to discover the communications that
occurred between the two attorneys themselves and not between the attorneys and
clients.

                                                     B.  Standard
of Review

Mandamus is an extraordinary remedy,
available only when a trial court clearly abuses its discretion and there is no
adequate remedy on appeal.  Walker v.
Packer, 827 S.W.2d 833, 840‑44 (Tex. 1992); In re Kellogg Brown
& Root, 7 S.W.3d 655, 657 (Tex. App.BHouston [1st Dist.] 1999, orig.
proceeding).  An appellate remedy may be
adequate even though it involves more delay or cost than mandamus.  Walker, 827 S.W.2d at 842.  An appellate remedy is Aadequate@ when any benefits to mandamus review are
outweighed by the detriments; when the benefits outweigh the detriments,
appellate courts must consider whether the appellate remedy is adequate.  In re Prudential Ins. Co., 148 S.W.3d
124, 136 (Tex. 2004) (op. on reh=g).








The scope of discovery is largely within the
trial court=s discretion.  Dillard Depot Stores, Inc. v. Hall,
909 S.W.2d 491, 492 (Tex. 1995). 
However, mandamus will issue to correct a discovery order if the order
constitutes a clear abuse of discretion and there is no adequate remedy by
appeal.  In re Colonial Pipeline Co.,
968 S.W.2d 938, 941 (Tex. 1998).  A trial
court abuses its discretion when it acts in an unreasonable or arbitrary manner
or, stated differently, when it acts without reference to guiding rules and
principles. See, e.g., Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  A party
does not have an adequate remedy by appeal when (1) an appellate court would
not be able to cure the trial court=s discovery error, such as when privileged
information or trade secrets would be revealed or production of patently
irrelevant or duplicative documents imposing a disproportionate burden on the
producing party is ordered, (2) a party=s ability to present a viable claim or
defense is severely compromised or vitiated by the erroneous discovery ruling
to the extent that it is effectively denied the ability to develop the merits
of its case, or (3) a trial court=s discovery order disallows discovery which
cannot be made a part of the appellate record, thereby denying the reviewing
court the ability to evaluate the effect of the trial court=s error. 
Walker, 827 S.W.2d at 843.

                                                                  C.  Analysis

The Texas Rules of Civil Procedure allow
discovery of any matter that is not privileged and is relevant to the subject
matter of the pending action, whether it relates to the claim or defense of a
party seeking discovery, or the claim or defense of any other party, so long as
it appears reasonably calculated to lead to the discovery of admissible
evidence.  Tex. R. Civ. P. 192.3(a); see Monsanto Co. v. May, 889
S.W.2d 274, 276 (Tex. 1994).  The real
parties in interest argue that Graham and Wood should not be deposed because
their testimony would relate to matters protected by the attorney-client
privilege.  The real parties in interest
further argue that the attorneys= testimony is unnecessary and would be
cumulative given available discovery from the parties.








The Arules recognize that our system of justice
relies on a client=s privilege to speak frankly and candidly
with his or her attorney.@  Duncan
v. Bd. of Disciplinary Appeals, 898 S.W.2d 759, 762 (Tex. 1995).  The attorney-client privilege protects
information from disclosure if it was a confidential communication between a
client and its attorney Amade for the purpose of facilitating the
rendition of legal services to the client.@  Tex. R. Evid. 503(b)(1); see Huie v.
DeShazo, 922 S.W.2d 920, 922 (Tex. 1996); In re ExxonMobil Corp., 97
S.W.3d 353, 357 (Tex. App.BHouston [14th Dist.] 2003, orig.
proceeding).  The privilege attaches to
the complete communication between attorney and client, including both legal
advice and factual information.  Huie,
922 S.W.2d at 923; ExxonMobil Corp., 97 S.W.3d at 357.  The privilege extends to all matters
concerning litigation or business transactions, regardless of whether the
matters are pertinent to the matter for which the attorney was employed.  Boales v. Brighton Builders, Inc., 29
S.W.3d 159, 168 (Tex. App.BHouston [14th Dist.] 2000, pet. denied).

The party resisting discovery bears the
burden of proving any applicable privilege. 
Huie, 922 S.W.2d at 926. 
To make a prima facie showing of the applicability of a privilege, a
party must plead the particular privilege and produce evidence to support the
privilege through affidavits or testimony. 
In re Valero Energy Corp., 973 S.W.2d 453, 457 (Tex. App.BHouston [14th Dist.] 1998, orig.
proceeding).








We conclude that respondent abused his discretion
in refusing to allow the depositions of Graham and Wood.  As an initial matter, the record before this
Court does not indicate that the real parties in interest carried their burden
to prove the privilege by producing evidence to support the privilege.  As a more fundamental matter, however, a
deposition may not be quashed in its entirety on grounds that some of the
matters to be explored may be privileged. 
In short, an attorney may be deposed, even if he or she represents a
party to the litigation in issue:

The attorney-client privilege was never
intended to foreclose any opportunity to depose an attorney, but rather only
precludes those questions which may somehow invade upon the attorney-client
confidences.  An attorney may not avoid a
deposition in its entirety merely because some matters may be privileged, but
must object when those inquiries are raised during the deposition.  Other matters may exist which are not
privileged and which an attorney may be called upon to answer.

 

Borden Inc. v. Valdez, 773 S.W.2d 718, 720 (Tex. App.BCorpus Christi 1989, orig. proceeding); see
Smith, Wright & Weed, P.C. v. Stone, 818 S.W.2d 926, 928 (Tex. App.BHouston [14th Dist.] 1991, orig. proceeding)
(conditionally granting mandamus where trial court abused discretion in
quashing attorney=s deposition); Hilliard v. Heard, 666
S.W.2d 584, 585 (Tex. App.BHouston [1st Dist.] 1984, orig. proceeding)
(same).  The mere possibility that a
deponent will assert a privilege against answering a specific deposition
question does not justify the quashing of a deposition notice.

While there is no blanket immunity that
exempts lawyers from being deposed, we recognize that such a practice has the
potential to disrupt the adversarial system and to increase the time and costs
of litigation.  Moreover, allowing the
deposition of a party=s attorney offers the possibility that such
discovery could be used strategically as an 
opportunity for harassment. 
Accordingly, the tactic of seeking discovery from opposing counsel
should be disfavored, and we take a stringent view toward allowing depositions
of opposing counsel.








In the instant case, however, both plaintiff
and co-defendants have brought suit against Mason alleging negligence,
negligence per se, breach of contract, and the unauthorized practice of
law.  Each of these claims is premised on
Mason=s drafting of the option to purchase
contained in the lease.  Attorneys for
plaintiff and co-defendants extended the lease by agreement Aunder the same terms as therein provided.@ 
Mason argues that the plaintiff and co-defendants have adopted or
ratified the option to purchase and should be estopped from pursuing such
claims.

According to the record, Garcia testified by
deposition that there was not a written lease extension and any oral extension
was made by her attorney, C. Frank Wood. 
She had no first hand information regarding the extension of the
lease.  Nila Wipf testified that she did
not know whether Graham, her attorney, had extended the lease in question for
three additional months under the same terms provided in the lease.  Wipf testified that she did not know what the
December 31, 2003 letter from Wood to Graham meant.

We believe that Mason has shown that it is
seeking discovery that is relevant to the claims and defenses at issue in this
lawsuit and that discovery is necessary to the presentation of its case.  Mason has explored other methods to obtain
the necessary discovery, that is, by deposing Garcia and Wipf, and it possesses
no other means to obtain the necessary information.  The discovery is not cumulative and does not
appear available from any other source.

Moreover, we note that, to the extent that
Mason seeks to discover communications between Graham and Wood, such
communications would not be covered by the attorney-client privilege.  Accordingly, Mason may depose Graham and Wood
for facts relevant to Mason=s affirmative defenses of ratification and
estoppel.








In handling these depositions, the parties
may follow the procedure set out by the Texas Supreme Court in West v.
Solito, 563 S.W.2d 240 (Tex. 1978).  See
id. at 246.  At the depositions, the
deponents may assert privilege and refuse to answer any questions violating the
attorney-client privilege.  Id.  After completing the deposition as to all
other matters, the examining party may apply to the trial court for an order to
compel answers to the contested questions, at which time the trial court can
determine whether the matter sought to be discovered is covered by
privilege.  Id.  An order could then be issued compelling
answers to those questions covering matters not within the privilege.  Id.[2]

                                                              D.  Conclusion

Because respondent=s abuse of discretion prevents Mason from developing
relevant evidence pertaining to its defenses, Mason has no adequate remedy at
law.  See Walker, 827 S.W.2d at
843.  Accordingly, we conditionally grant
Mason=s petition for writ of mandamus and order
respondent to vacate his order of April 13, 2005, and to conduct further
proceedings consistent with this opinion. 
We are confident that respondent will comply with our ruling.  The writ will issue only if respondent fails
to vacate his order denying the depositions.

 

FEDERICO G. HINOJOSA

Justice

 

Opinion
delivered and filed this

the
30th day of August, 2005.











[1] In Plaintiff=s Fourth Amended Petition,
Garcia brought suit against Mason & Company Property Management, Nila Wipf,
WIPF Family Limited Partnership, and JNW Property Holdings, Inc.





[2] We express no opinion
herein regarding the validity of any privilege that might be asserted at the
depositions.   We are prohibited from
rendering advisory opinions and have no jurisdiction to do so. Tex. Const. art. II, ' 1; Brown v. Todd,
53 S.W.3d 297, 302 (Tex. 2001).  We trust
the parties and the trial court will recognize the well-known parameters of the
privilege as well as its exceptions.  See,
e.g., Tex. R. Evid. 503(d) (exceptions to attorney-client privilege);
Republic Ins. Co. v. Davis, 856 S.W.2d 158, 163 (Tex. 1993) (orig.
proceeding) (waiver of attorney-client privilege by offensive use).