2025 Tex. Bus. 11



The Business Court of Texas,
Eleventh Division

| | | |
|---|---|---|
| ET GATHERING & PROCESSING LLC, | § § § | |
| *Plaintiff*, | § § | Cause No. 24-BC11A-0028 |
| v. | § § | |
| TELLURIAN PRODUCTION LLC, | § § § | |
| *Defendant*. | § § § § | |

---

**OPINION AND ORDER**

---

***Syllabus****

*In a plea to the jurisdiction, Defendant challenged the Court's authority to hear this case by arguing the amount in controversy pleaded by Plaintiff was merely a sham for the purpose of wrongfully obtaining this court's jurisdiction. Applying Texas's well-established plea to the jurisdiction standard, the Court concluded Defendant did not produce evidence that Plaintiff's actions amounted to a sham and denied Defendant's plea.*

**OPINION**

---

* NOTE: The syllabus was created by court staff and is provided for the convenience of the reader. It is not part of the Court's opinion, does not constitute the Court's official description or statement, and should not be relied upon as legal authority.

¶1      Before the court is Defendant Tellurian Production LLC's Plea to the Jurisdiction challenging the court's authority to hear this case. The court invited Plaintiff ET Gathering & Processing LLC to file a response, which Plaintiff filed on February 27, 2025. Defendant also filed a reply on March 4, 2025. The court held a hearing on the matter on March 6, 2025. After considering the parties' arguments, the court denies Defendant's plea.

## BACKGROUND

¶2      The essential facts of this case are straightforward. Plaintiff and Defendant entered a Gas Gathering Agreement, and Plaintiff alleges Defendant breached the agreement. According to Plaintiff, it agreed to gather and process the production of Defendant's natural gas for an agreed contracted rate, and Defendant agreed to deliver to Plaintiff all the natural gas it owned or controlled from a dedicated area of land in Louisiana.[1]

¶3      In its first amended petition, Plaintiff specifically alleges Defendant breached the agreement by failing to deliver the natural gas to it, and as a result, it was entitled to recover the foregone fees associated with gathering and processing the natural gas. Plaintiff alleges these foregone fees alone exceed $10 million based on the amount of gas produced from two wells, the Graham and Scott wells, located on the dedicated acreage. To support its assertion, it pleads these wells produced over 26,0000,000 MCF as evidenced in certain gas volume statements. Plaintiff further alleges that under the

---

[1] Currently pending before the court is Plaintiff's "Unopposed Motion for Temporary and Permanent Sealing Order."

agreement, it was entitled to recover capital expenditures it made to build necessary infrastructure to gather and process the gas from the Graham and Scott Wells. In addition to the foregone fees and capital infrastructure associated with the Graham and Scott Wells, Plaintiff alleges Defendant breached the agreement by failing to deliver natural gas from six other wells located on the dedicated acreage, causing it to incur additional foregone fees associated with those wells. Based on these assertions, Plaintiff contends the amount in controversy exceeds $10 million and thus, falls within this court's jurisdiction.

¶4 Defendant filed an answer asserting a general denial, several affirmative defenses, and a counterclaim for breach of contract disputing the rate charged by Plaintiff for gathering and processing. Pertinent here, Defendant also filed a plea to the jurisdiction challenging the court's authority to hear this case. In its plea, Defendant alleges the amount in controversy pleaded by Plaintiff is merely a sham for the purpose of wrongfully obtaining this court's jurisdiction. Defendant explains Plaintiff initially filed an action against it in state district court, but after engaging in discovery, Plaintiff non-suited its action and re-filed it in this court, changing its allegation to indicate the amount in controversy exceeds $10 million. Defendant contends this jurisdictional allegation is false. For support, it points to invoices amounting to approximately 8.2 million; these invoices reflect the gathering and processing fees billed by a third party for gas delivered to it by Defendant from the dedicated acreage. The court notes Defendant maintains its actions did not amount to a breach of a contract. In addition to its sham allegation, Defendant contends Plaintiff is entitled to recover only the benefit of the bargain and Plaintiff did not actually

incur any expenses because it did not gather and process any gas from the dedicated acreage.

¶5 In response, Plaintiff asserts it pleaded facts supporting its assertion that the amount in controversy amounts to more than $10 million. It points to three specific categories pleaded in its live pleading: (1) its foregone revenue for gathering and treating gas from the Graham and Scott wells, (2) the capital cost expenditures associated with those wells, as well as (3) the foregone revenue for gathering and treating gas from other wells. Plaintiff contends these categories satisfy this court's jurisdictional threshold under Texas's liberal pleading standard. Plaintiff further emphasizes its forgone revenue for gathering and treating gas from the Graham and Scott wells alone satisfies the jurisdictional amount. As to Defendant's assertion of a sham pleading, Plaintiff contends Defendant has not produced any evidence showing its allegations in its first amended petition were made fraudulently or in bad faith. In its reply, however, Defendant maintains Plaintiff created new allegations in its attempt to clear the court's $10 million jurisdictional threshold.

## ANALYSIS

¶6 The parties agree this court's jurisdiction is governed by section 25A.004(d) of the Texas Government Code. *See* TEX. GOV'T CODE § 25A.004(d). This section provides this court has jurisdiction over actions that arise out of a qualified transaction when the amount in controversy exceeds $10 million, excluding monetary requests not at issue here. *See id.* Under the statute, a "'qualified transaction' means a transaction . . . under which a party: (A) pays or receives, or is obligated to pay or is entitled to receive, consideration with

4

an aggregate value of at least $10 million." *See id.* § 25A.001(14).  Here, Defendant

challenges Plaintiff's amount in controversy assertion through a plea to the jurisdiction.

¶7      Plea to the jurisdiction jurisprudence is well established in Texas.  As stated

by the Texas Supreme Court:

> A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
> a cause of action without regard to whether the claims asserted have merit.
> The claims may form the context in which a dilatory plea is raised, but the
> plea should be decided without delving into the merits of the case.  The
> purpose of a dilatory plea is not to force the plaintiffs to preview their case on
> the merits but to establish a reason why the merits of the plaintiffs' claims
> should never be reached.

*Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Tex. Dep't of Parks*

*& Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  As in this case:

> [W]hen a defendant asserts that the amount in controversy is below the
> court's jurisdictional limit, the plaintiff's pleadings are determinative unless
> the defendant specifically alleges that the amount was pleaded merely as a
> sham for the purpose of wrongfully obtaining jurisdiction, or the defendant
> can readily establish that the amount in controversy is insufficient, as for
> example when the issue in dispute is a license or right rather than damages.
> A plea to the jurisdiction cannot be used to require the plaintiff to prove the
> damages to which he is entitled in order to show that they exceed the court's
> jurisdictional limits. The plaintiff's allegation of damages in excess of
> jurisdictional limits suffices to show the amount in controversy, even if
> damages cannot ultimately be proved at all. Were it otherwise, the plaintiff
> would be required to try his entire case to show an entitlement to damages in
> excess of the court's jurisdictional limits.

*Bland*, 34 S.W.3d at 554; *see also Miranda*, 133 S.W.3d at 226.  Earlier this year, this court

recognized these long-standing principles.  *See C Ten 3 LLC ex rel. v. Tarbox*, 2025 Tex.

Bus. 1, at ¶46, 2025 WL 224542, at *13–14 (Jan. 3, 2025) (highlighting the Texas

Supreme Court has repeatedly recognized these principles over the last 140 years).  There,

the court also reiterated that Texas courts, including this court, "generally will not look

behind such pleadings absent evidence that the amount pleaded is fraudulent." *See id*. at ¶47. Turning to the case before the court, the court applies these principles.

¶8 Here, the crux of Defendant's plea to the jurisdiction centers on Defendant's allegation that Plaintiff's first amended petition is a sham pleading. However, merely filing in district court and then engaging in discovery to later determine one should nonsuit and refile in this court in and of itself is not evidence of fraud or a sham. The purpose of discovery is to allow the parties "to obtain the fullest knowledge of issues and facts prior to trial." *West v. Solito*, 563 S.W.2d 240, 243 (Tex. 1978). In this case, Plaintiff's decision to nonsuit its action in district court after engaging in some discovery and then refile its action in this court amounts to litigation strategy as opposed to fraudulent behavior or a sham pleading as Defendant argues.

¶9 Accordingly, in absence of proof of fraud or a sham pleading, the allegations in the pleadings control to determine whether this court has jurisdiction to hear this case. *See C Ten*, 2025 Tex. Bus. 1, at ¶46, 2025 WL 224542, at *13; *see also Miranda*, 133 S.W.3d at 224 (pointing out trial court is precluded from inquiring behind the facts pleaded in determining amount in controversy for jurisdictional purposes); *Bland*, 34 S.W.3d at 554 (explaining pleadings are determinative unless defendant shows amount was pleaded as a sham). When reviewing the pleadings, the court construes them "liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Miranda*, 133 S.W.3d at 226.

¶10 In its first amended petition, Plaintiff asserts the amount in controversy exceeds $10 million based on three main categories: (1) the forgone revenue in gathering and processing fees it would have received from the Graham and Scott wells located on the

dedicated acreage; (2) the capital costs expenditures made on infrastructure associated with these wells; and (3) additional forgone revenue in fees it would have received from other wells located on the dedicated acreage. Plaintiff further asserts in its petition that the first category alone exceeds the $10 million jurisdictional threshold when considering the amount of gas it would have gathered and processed based on its charged rate. These allegations are sufficient to invoke this court's jurisdiction. As repeatedly held by the Texas Supreme Court and recognized by this court, "[t]he plaintiff is not required to marshal all her evidence and conclusively prove her claim to satisfy this jurisdictional hurdle." *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 805 (Tex. 2018); *see also C Ten*, 2025 Tex. Bus. 1, at ¶53, 2025 WL 224542, at *15. And to the extent Defendant disputes the rate charged by Plaintiff for gathering and processing the gas, the court remains mindful that the Plaintiff's allegations in the pleadings control.

### CONCLUSION

¶11 Accordingly, based on the pleadings before the court, the court denies Defendant's plea to the jurisdiction.

IT IS SO ORDERED.

Marialyn Barnard
Judge of the Texas Business Court

SIGNED ON: March 11, 2025

7

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98330259
Filing Code Description: No Fee Documents
Filing Description: Opinion and Order
Status as of 3/11/2025 3:44 PM CST

Associated Case Party: Tellurian Production LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David W.Jones | | djones@beckredden.com | 3/11/2025 3:23:48 PM | SENT |

Associated Case Party: ET Gathering & Processing LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cade Palmer | 24119732 | cade.palmer@nortonrosefulbright.com | 3/11/2025 3:23:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carter Dugan | | carter.dugan@nortonrosefulbright.com | 3/11/2025 3:23:48 PM | SENT |
| Maria Torres | | maria.torres@nortonrosefulbright.com | 3/11/2025 3:23:48 PM | SENT |
| Brittany Covert Pruski | | brittany.pruski@nortonrosefulbright.com | 3/11/2025 3:23:48 PM | SENT |
| David W.Jones | | david-jones-7701@ecf.pacerpro.com | 3/11/2025 3:23:48 PM | SENT |