2025 Tex. Bus. 51

FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
12/18/2025



The Business Court of Texas,
Fourth Division

DELFINO ORNELAS, III,
INDIVIDUALLY; DELFINO
ORNELAS, III, DERIVATIVELY ON
BEHALF OF I AM TRUCKING, LLC;
DELFINO ORNELAS, III
DERIVATIVELY ON BEHALF OF
VERACITY OILFIELD SERVICES,
LLC
    *Plaintiffs*

v.

ERASMO HERRERA
    *Defendant*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Cause No. 25-BC04B-0001

## MEMORANDUM OPINION

¶1 Before the court is the Joint Advisory on Early Legal Issues, filed by the parties on September 26, 2025, and the Plaintiffs' Brief on Early Legal Issues, filed on October 24, 2025. The Advisory proposed two legal issues for resolution early in the case to narrow the issues, facilitate settlement, or otherwise increase efficiency or expedite resolution:

- Whether recent resolutions with other defendants affects the Court's jurisdiction over the remaining claims; and

- Whether Erasmo Herrera owes fiduciary duties to I Am Trucking, LLC and/or Veracity Oilfield Services, LLC.

¶2 The court held a pretrial conference and hearing regarding the Joint Advisory on Early Legal Issues on December 9, 2025. Having heard the argument of counsel and considered the pleadings and briefing, the court holds as follows:

**A. Partial disposition of the suit did not divest the court of jurisdiction.**

¶3 The court concludes it has jurisdiction of the suit following the agreed disposition of the claims against most defendants.

¶4 In determining the jurisdictional amount in controversy, "the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient[.]" *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see ET Gathering & Processing LLC v. Tellurian Prod. LLC*, 2025 Tex. Bus. 11, ¶ 9, 709 S.W.3d 1, 5 (11th Div. 2025) ("in absence of proof of fraud or a sham pleading, the allegations in the pleadings control to determine whether this court has jurisdiction to hear this case.").

¶5 Plaintiffs initially sued five defendants, pleading at least five million dollars in controversy under this court's jurisdictional statute. TEX. GOV'T CODE § 25A.004(b). Plaintiffs later settled their disputes with all defendants except Herrera, and in September 2025 the court entered agreed orders dismissing with prejudice all claims against the settling defendants. Plaintiffs then amended their

petition to include only those claims against Herrera, maintaining that "the amount in controversy in this case exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs." Pls.' 2nd Am. Pet. ¶ 14.

¶6 At the hearing on the Joint Advisory, Plaintiffs conceded that some "initial estimates" of their damages models fell below five million dollars once claims against the other defendants were dismissed, explaining that discovery is ongoing as to damages and other matters. But Plaintiffs' Second Amended Petition—the live pleading—alleges an amount in controversy exceeding the court's five-million-dollar jurisdictional threshold, and no party contends the pleading is a sham or claims to have readily established a lower amount in controversy. This is not a case in which the plaintiff's amendments destroyed the court's jurisdiction. *See Reed v. Rook TX, LP,* 2025 Tex. Bus. 34 ¶ 2, 721 S.W.3d 25, 29 n.3 (3rd Div. 2025) (citing *Royal Canin U. S. A., Inc. v. Wullschleger,* 604 U.S. 22, 35 (2025) (allowing plaintiff, as "master of the complaint," to eliminate federal claims from amended pleading to ensure a state forum)).

¶7 In any event, partial disposition of this suit could not divest the court of subject-matter jurisdiction to adjudicate the remaining claims. The court's governing statute provides that the jurisdictional "amount in controversy . . . is the total amount of all joined parties' claims." TEX. GOV'T CODE § 25A.004(i). When,

3

as here, a plaintiff's original petition seeks actual damages within a trial court's jurisdiction, the court properly acquires jurisdiction over the suit. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996). Plaintiffs, Herrera, and the settled defendants comprised the "joined parties," with all original claims collectively satisfying the requisite amount in controversy. And, in the amount-in-controversy context, "where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction." *Id.* at 449; *see Atlas IDF, LP v. NexPoint Real Est. Partners, LLC*, 2025 Tex. Bus. 16, ¶ 42, 715 S.W.3d 390, 397 (1st Div. 2025) (holding jurisdiction is determined by the amount recoverable under the pleadings at the suit's commencement). For example, once fixed at the onset of the case, the pleaded jurisdictional amount in controversy cannot be reduced by a later judgment in a lower amount, "even if damages cannot ultimately be proved at all." *Bland ISD*, 34 S.W.3d at 554. Just as final judgment of **all** claims at the conclusion of the case cannot retroactively negate the amount in controversy at the suit's inception, agreed disposition as to **some** parties' claims did not reduce this suit's total jurisdictional amount in controversy.[1]

¶8     Here, Plaintiffs' original and amended petitions properly invoked the court's jurisdiction under Texas Government Code section 25A.004 based on an amount in

---

[1] Plaintiffs argue in the alternative that the claims against Herrera fall within the court's supplemental jurisdiction. *See* TEX. GOV'T CODE § 25A.004(f). Having concluded it retains original jurisdiction of the remaining claims, court declines to reach the issue.

4

controversy exceeding five million dollars. The court retains jurisdiction of this suit following the partial settlement.

**B. Any fiduciary duties owed by Herrera hinge on evidence not before the court.**

¶9     The parties jointly ask whether Herrera owes fiduciary duties to either or both of the Plaintiff entities: I Am Trucking and Veracity. Under Texas law, agents generally have a fiduciary duty to act solely for the benefit of their principals in matters relating to the agency. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002). In such agency-related matters, the employee may not compete against the employer during employment, *see id.* at 200-02, but may "mak[e] preparations for a future competing business venture[.]" *Wooters v. Unitech Int'l, Inc.*, 513 S.W.3d 754, 763 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

¶10    "Where the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court." *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). In this procedural posture, though, the parties have not yet presented evidence regarding the existence of Herrera's agency or employment relationship with I Am Trucking or Veracity. Accordingly, the court declines to rule at this stage as to whether Herrera owed fiduciary duties to either or both entities.

¶11    For the reasons above, the court retains jurisdiction of this suit. Pending further order of this court, it is ORDERED that a pretrial hearing and jury trial of

this matter is set for the week of March 30, 2026, in Bexar County, Texas. The pretrial conference shall be held on March 3, 2026 at 1:30 p.m. At the conference, parties should be prepared to identify any then-outstanding legal issues and to discuss any other pending matters in the case, including past or upcoming engagement in alternative dispute resolution. At the pretrial conference the parties and the court will also discuss the proposed pretrial order to be jointly submitted by the parties under the Scheduling Order by February 27, 2026.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: December 18, 2025