2025 Tex. Bus. 50

FILED IN
BUSINESS COURT OF TEXAS
BEVERLY CRUMLEY, CLERK
ENTERED
12/18/2025



The Business Court of Texas,
Fourth Division

| | | |
|---|---|---|
| SANDRA E. HENSARLING | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Cause No. 25-BC04B-0014 |
| | § | |
| J. GEORGE CARMICHAEL, CDC/VIC | § | |
| PARTNERS, LLC, J. GEORGE | § | |
| CARMICHAEL, AS TRUSTEE OF | § | |
| THE CARMICHAEL DEVELOPMENT | § | |
| CO., INC. PROFIT SHARING PLAN, | § | |
| AND TRUST, AND NORTHGLEN, | § | |
| LTD | § | |
| | § | |
| *Defendants* | § | |

## MEMORANDUM OPINION AND ORDER

¶1     Before the court is the Rule 91a Motion to Dismiss filed by Defendants CDC/VIC Partners, LLC (the "General Partner") and Northglen, Ltd. ("Northglen") on November 6, 2025, and amended on November 10, 2025; the Joinder in Amended Rule 91a Motion to Dismiss filed by Defendant Carmichael, individually and as Trustee of the Carmichael Development, Co., Inc. Profit Sharing Plan and Trust, on November 11, 2025; Plaintiff Hensarling's Notice of Nonsuit without Prejudice, filed on December 8, 2025; and the parties' briefs regarding subject-matter jurisdiction, filed on December 12, 2025. The court held

a hearing on Defendants' amended motion ("the Motion") on December 10, 2025. Considering the Motion, pleadings, briefing, arguments of counsel, and applicable law, the Court holds it has subject-matter jurisdiction of this suit and denies the Motion to Dismiss.

### I. The suit falls within the court's jurisdictional scope.

¶2 Though Defendants' Motion does not challenge this court's subject-matter jurisdiction, Hensarling's counsel raised a jurisdictional question at the hearing, prompting the court to invite post-argument briefing on the issue.

¶3 In analyzing jurisdiction, "the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient[.]" *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see ET Gathering & Processing LLC v. Tellurian Prod. LLC*, 2025 Tex. Bus. 11, ¶ 9, 709 S.W.3d 1, 5 (11th Div. 2025) ("in absence of proof of fraud or a sham pleading, the allegations in the pleadings control to determine whether this court has jurisdiction to hear this case."). The amount-in-controversy threshold can be satisfied based on either "the sum of money or *the value of the thing* originally sued for." *Tune v. Tex. Dep't of Pub. Safety,* 23 S.W.3d 358, 361 (Tex. 2000) (emphasis in original). Accordingly, "actions in which damages were not sought nevertheless could satisfy jurisdictional amount-in-

2

controversy minimums." *SafeLease Ins. Servs. LLC v. Storable, Inc.*, 2025 Tex. Bus. 6, ¶ 12, 707 S.W.3d 130, 134 (3rd Div. 2025).

¶4    Hensarling's petition alleges the suit falls within the court's jurisdiction because the action concerns the entities' governing documents and governance, is between the entities' co-owners, and arises out of the Texas Business Organizations Code. She pleads that more than five million dollars is in controversy and, upon information and belief, that Northglen has a fair market value above ten million dollars. Her pleading seeks no monetary damages; instead, she requests equitable relief and declarations involving court-ordered dissolution of Northglen. Though Hensarling pleads that she owns only 49.5% of Northglen, her requested relief is not limited to her minority share of the entity—she seeks dissolution of the entire partnership. *See SafeLease Ins. Servs.*, 2025 Tex. Bus. 6, ¶ 12 n.18 (denying remand where plaintiff alleged the "action puts at risk the entire $140 million value of its business," despite no claim for damages).

¶5    As pleaded, the action sues on rights that are valued above five million dollars, despite seeking no monetary relief. This suit falls within the court's jurisdictional scope.

## II. Hensarling's nonsuit does not prevent the court from ruling on the Motion.

¶6    Hensarling filed a nonsuit two days before the hearing, attempting to dismiss all claims without prejudice to refiling in state district court. But Rule 91a mandates that the court "must rule" on a motion to dismiss unless the respondent

files a pleading amendment or nonsuit at least three days before the hearing. *See* TEX. R. CIV. P. 91a.5.; *id.* at R. 4 (specifying that weekends days may not be counted in computing deadlines of less than five days).

¶7     Hensarling concedes her nonsuit was not filed in time to prevent the court's ruling, and Defendants decline to waive Rule 91a's timing provision. Accordingly, the court must issue a ruling on the merits of their Motion. *Id.*; *see Hous. v. State Farm Mut. Auto. Ins. Co.*, 712 S.W.3d 707, 714 (Tex. App.—Hous. [14th Dist.] 2025, no pet.).

### III. Hensarling's petition survives Rule 91a dismissal.

#### A.  Rule 91a Motion Standard

¶8     A motion under Texas Rule of Civil Procedure 91a seeks dismissal of a claim "on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. A claim lacks basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A claim lacks basis in fact "if no reasonable person could believe the facts pleaded." *Id.*

¶9     To survive dismissal, the plaintiff must satisfy Texas's notice-pleading rules. *In re First Reserve Mgmt., L.P.*, 671 S.W.3d 653, 662 (Tex. 2023). Beyond giving fair notice of the claims themselves, the petition must contain "the essential factual allegations supporting those claims, which must be sufficient to support a judgment if ultimately proven." *Id.* (internal quotations omitted).

4

## B. The court will not consider Defendants' Exhibits B or C.

¶10    Defendants attach three exhibits as evidentiary support for their Motion, but the court will consider only the Motion's Exhibit A, the 2001 Northglen Partnership Agreement, in reaching its ruling.

¶11    The court may not consider evidence to decide a Rule 91a motion, basing its ruling "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. Rule 59 permits that "written instruments, constituting, in whole or in part, the claim sued on" may be "made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such." *Id.* at R. 59.

¶12    The court may not consider the Motion's Exhibits B or C, which are neither referenced in Hensarling's petition nor attached to her pleading. However, Hensarling expressly sues on Northglen's August 30, 2001 Partnership Agreement and relies upon it in her petition. Defendants attached that Agreement as Exhibit A to their Motion and Hensarling presented no basis for its exclusion under Rule 59, so the Agreement will be made part of her petition and considered in ruling on Defendants' Motion.

## C. Hensarling's petition does not lack basis in law or fact.

¶13    Hensarling's application for winding up Northglen hinges on Texas Business Organizations Code section 11.314. Hensarling also pleads for a declaratory judgment and associated attorneys' fees as to Northglen's dissolution.

¶14 Defendants do not argue that "no reasonable person could believe the facts pleaded" by Hensarling; her claims do not lack basis in fact. *See* TEX. R. CIV. P. 91a.1. Their Motion instead insists Hensarling's claims lack basis in law because she is not entitled to relief based on her pleaded allegations, taken as true, together with inferences reasonably drawn from those allegations. *See id.*

¶15 Section 11.314 allows a court to wind up a partnership if its economic purpose is likely to be unreasonably frustrated or if it is not reasonably practicable to carry on partnership business in conformity with the entity's governing documents or due to an owner's conduct. TEX. BUS. ORG. CODE § 11.314. According to Hensarling's petition, Carmichael made major partnership expenditures that he claimed required her, in turn, to make capital contributions—in contravention of the Agreement. Despite demanding a capital contribution rather than a partner loan from her, Carmichael himself then made a large, high-interest loan to Northglen. Further, she alleges, Carmichael erroneously valued Northglen and stonewalled during negotiations for a potential buy-out of her partnership interest while refusing her access to Northglen's financial information. Hensarling relies on the 2001 Agreement as Northglen's governing document and pleads that Carmichael is Northglen's co-owner whose conduct makes carrying on business no longer reasonably practicable.

¶16 The original Partnership Agreement describes the purposes of Northglen broadly: to acquire, hold, and manage real property, which encompasses borrowing

funds, making and performing on contracts, paying expenses, and doing "all such other acts and things as the General Partnership may deem necessary and expedient" for those purposes. Mot. Ex. A. The Agreement generally specifies that Northglen should be funded by third-party loans and that partners shall not be obligated to make additional capital contributions, while providing for "optional loans" from the partners under specified conditions. The Agreement outlines the circumstances under which partners are entitled to distributions and to partnership books and records.

¶17    "When applying the fair-notice pleading standard to our review in a Rule 91a context, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings[.]" *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 844 (Tex. App.—Dallas 2023, no pet.). "If nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.* (internal brackets omitted).

¶18    While deadlock may in some circumstances justify involuntary dissolution, mere discord among an entity's ownership does not. *Shannon Med. Ctr. v. Triad Holdings III, L.L.C.*, 601 S.W.3d 904, 917 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see Holdridge v. Wallace Ryne, O.D., P.C.*, No. 02-23-00420-CV, 2024 WL 3455838, at *18 (Tex. App.—Fort Worth July 18, 2024, no pet.) (mem. op.) ("Given Texas's longstanding commitment to the promotion of economic

7

development and the freedom of contract, courts are loath to shut down profitable, contract-governed businesses by judicial fiat."). Hensarling does not plead that Northglen's partners are in deadlock. But her petition, construed liberally and accepting all reasonable inferences in her favor, claims that Northglen's contractual purposes cannot be accomplished in conformity with the Agreement's terms and due to Carmichael's conduct. Hensarling pleads the reasonable impracticability of carrying on business under current circumstances, and the court cannot conclude that Hensarling's petition contains "facts that defeat [her] claims under settled law." *See Davis*, 700 S.W.3d at 844. Especially given her allegations regarding a lack of access to Northglen's books and records, the court holds that she has provided sufficient factual allegations to support her claims at this early stage of the case. *See In re First Reserve Mgmt., L.P.*, 671 S.W.3d at 662.

¶19    In written and oral arguments, Defendants rely upon Northglen's 2005 **amended** partnership agreement, which describes Northglen's purpose more narrowly than the original agreement and also purports to bar a winding up of the partnership without all partners' consent if the entity is obligated on certain types of debt. Mot. Ex. B. But neither the amended agreement nor the cited debt obligations are mentioned in or attached to Hensarling's petition. This purported bar against dissolution could not be proven without evidence of the debt obligations that Defendants concede lie outside of the Rule-91a record. Defendants' argument that Hensarling's relief is contractually barred relies on

extrinsic evidence and accordingly "seems fit for a summary judgment motion . . . thus, they may present their contentions under summary judgment standards" rather than under Rule 91a. *See Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 426 (Tex. App.—Dallas 2024, pet. filed). Based on the narrow Rule 91a record before the court, the Motion must be denied.

### D. The court declines to award fees.

¶20     Rule 91a permits, but does not require, an award of attorneys' fees to the party who prevails on the motion to dismiss. TEX. R. CIV. P. 91a.7; *see Sanchez v. Striever*, 614 S.W.3d 233, 248 n.10 (Tex. App.—Houston [14th Dist.] 2020, no pet.) ("any award of fees and costs is discretionary, not mandatory"). The court declines to award fees or costs to Hensarling.

¶21     For these reasons, Defendants' Amended Motion to Dismiss is DENIED. The parties are ORDERED to confer with each other and then file a joint proposed scheduling order using the form provided on the court's website by January 7, 2026.

SO ORDERED.

STACY ROGERS SHARP
Judge of the Texas Business Court,
Fourth Division

SIGNED ON: December 18, 2025

9